JUDGE DUVALL
delivered the opinion of the court:
James R. Knott was appointed the guardian of his brother, Thomas Knott, and as such executed bond, with Drain and Chandler his sureties. Thomas Knott died in 1854, intestate, and no person having administered on his estate, Jarboe, who was the sheriff of Marion county, was directed by an order of the county court to take charge of the property of the decedent, and to dispose of it according to law. In December following Jarboe instituted an action in his own- name, as administrator of the decedent, against James R. Knott, the former guardian, and his sureties, to recover the amount alleged to be in the hands of the guardian at the time of his ward’s death. The process in that action was directed to the sheriff of Marion county, and was executed on all the defendants by Jarboe, the plaintiff, he being still the sheriff. Judgment was rendered against Knott, and the two sureties in his bond as guardian, neither of whom appeared to the action, for $235 81, the amount claimed in the petition.
This action was afterwards instituted by Knott. He alleges in his petition that the judgment which had been rendered against him was erroneous — that it was for a sum greatly exceeding his actual indebtedness to the estate of his ward — that the judgment was inoperative and should be set aside, because the sheriff, being the plaintiff, had no legal right to execute the process in the action — and because the process was not, in point of fact, executed upon him at all. He prayed that Jar-boe be enjoined from collecting said judgment, &c.
To this petition a demurrer and answer were put in by the defendant; the court sustained the demurrer and dismissed the petition. To reverse that judgment Knott has prosecuted this appeal.
The most important question presented by the record, and the only one that will be considered, is, whether the sheriff had any legal authority to execute the process in the action, in which the judgment sought to be enjoined was rendered; and if not, whether the judgment itself is valid, for any purpose or to any extent, as against the appellant.
The right of a sheriff to execute process in cases in which *506 he is a party, or is interested, is so manifestly inconsistent with public policy and with the impartial administration of justice, that the exercise of any such right has always been prohibited, in Kentucky at least, by express statute. The Civil Code, (sec. 737,) provides that “ an order for a provisional remedy, or any other process, in an action wherein the sheriff is a party, or is interested, shall be directed to the coroner, or, if he is interested, to the jailer. If both these officers are interested, the process shall be directed to and executed by any constable of the county.” And this is but a re-enactment of the statutes formerly in force upon the same subject.
And in the case of Chambers vs. Thomas, (3 Marsh., 536,) the court use this emphatic language :
“We apprehend the court erred in deciding that Thomas, as deputy sheriff, might lawfully execute the writ which issued in his own favor. We have not been able to find any adjudged case in which such a question has ever been made, but cases analogous in principle, and a correct and impartial administration of justice, alike forbid the execution of either an original or final process by the plaintiff. The principal sheriff is never allowed to execute his own process; and so careful is the law in guarding the interest of the defendant in such a case, not even the deputy is permitted to execute the process, butit must go to the coroner, an officer not supposed to be under the influence of the sheriff. A deputy, it is true, is appointed by the principal sheriff, and regularly acts in the name of the principal, and the principal is liable for any improper conduct of the deputy in the exercise of the office. But the recourse which may be had to the principal may not be adequate to guard the interest of the defendants against the wily acts of an interested deputy.”
The circumstance alluded to in the opinion, that no previous adjudged case had been found involving this question, is easily accounted for. The right of a plaintiff in an action to execute his own process is so obviously repugnant to the genius of our system of jurisprudence, that we suppose there have been but very few instances of an attempt to exercise it.
The sheriff in this case may not, it is true, have had any pecuniary interest in the result of the suit, but he was a party, *507 the sole plaintiff in the action, and he was upon that ground expressly prohibited, by the rule of law referred to, from having anything to do with the service of the process.
There was, then, no legal or valid service of process upon the appellant; and it results as a legal consequence that the judgment was, as to him, a nullity; and he was no more bound or concluded by it than if a notice of the commencement of the suit had been served upon him by a private person, having no color of official authority. He had a right to resist the execution of such judgment, either as against himself or his sureties, and was therefore clearly entitled to the relief sought in this action. Consequently the demurrer to his petition was improperly sustained.
The judgment is therefore reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings not inconsistent with the principles of this opinion.