Hawkins, J.,
delivered the opinion of the Court.
During the pendency of the suit of J. Y. Stewart and Wife vs. L. J. Magness, in the Circuit Court of *311 DeKalb County, a subpoena was issued in the cause, directed to the Sheriff of said .county, commanding Mm to summons R. Magness as a witness in behalf of the plaintiffs in said cause. •
The subpoena came to the hands of one Davis, a Deputy Sheriff, by whom it was executed on Magness. Afterwards the cause came on to be tried, and R. Magness being solemnly called to come into Court and give evidence in behalf of the plaintiffs, came not, but made default, and thereupon a judgment nisi was rendered against him for such default. A sci. fa. was awarded, and he was summoned to appear at a subsequent term of the Court, and show cause, if any he could, why said judgment should not be made final. To the sci. fa. the defendant filed a plea, in. which it avers, in substance, that at the time of the issuance and execution of said subpoeena, J. Y. Stewart, one of the plaintiffs in said suit, was the Sheriff of DeKalb County, to whom said process was directed, and that Davis, by whom it was executed, was the Under-Sheriff, or deputy of said Stewart. To this plea the plaintiffs demurred, alleging as causes for demurrer, that said plea was insufficient, that it was not in proper form, and was not filed in time. His Honor, the Circuit Judge, overruled the demurrer, and gave to plaintiffs leave to reply, which they declined to do; and thereupon, the Court dismissed the sci. fa., and gave judgment against the plaintiffs for costs; and they have appealed to this Court.
It is now insisted the plea is in abatement. Were this true, it is certainly defective in form, according *312 to the technical rules of pleading once in force in this State, as applicable to pleas of that character; but since the adoption of the Code, these rules have been relaxed, and the validity of the plea is made to depend more upon the facts stated, and less upon the manner of stating them, or the form of commencing or concluding the plea. We are not, however, prepared to say that under the very liberal system of pleading which prevails at this time, that the plea in the case would be sustained were it a plea in abatement; but that question is, in the view we have taken of the case, wholly immaterial. The commencement, conclusion and matter of the plea, are all in bar, and not in abatement; it possesses none of the qualities whatever of a plea in abatement — it goes to the merits of the 'case, and the subject matter is that the plaintiff cannot maintain any action at any time in respect to the supposed cause of action, and is, therefore, clearly in bar. The plea is, therefore, not subject to the strict rules applicable to pleas in abatement.
And this brings us to what we conceive to be the principal question in the case. Do the matters stated in the plea constitute a valid and sufficient defense to the action ? Has a Sheriff power to execute process, issued in a suit to which he is a party? In the case of Ryner et al., vs. Stacy, 8 Hum., 288, this Court held that upon principles of public policy nothing was better settled than that a Sheriff has no right to an execution in which he is plaintiff, and upon the same principle, it is unlawful for a Deputy Sheriff to, execute process to which he is a party. The deputy *313 is appointed by the principal Sheriff, and is responsible to him, while the principal is liable for the acts or default of the deputy. The deputy can rightfully exercise no power which may not be exercised by his principal, hence it follows that the act of the deputy in the performance of the act'which it would be unlawful for the principal to do, is likewise unlawful. Sections 380 and 381 of the Code, provide, that when the Sheriff is incompetent to act, the Coroner shall perform the duties of Sheriff; and when it appears that the Sheriff is a party to the suit, or, from affidavit filed, that he is interested, process may be directed to the Coroner. Therefore, we conclude that if the Sheriff is a party to the record, or is interested in the suit, he is incompetent to act, and in such case the execution of process by him or his deputy, is unlawful and void. By applying these principles to the case under consideration, it will be readily seen that the facts alleged in the plea constitute a valid and complete defense to the action.
The forfeiture was taken, as appears from the sci. fa., at the February Term, 1859. At the February Term, 1861, upon application, it appearing to the Court that the original sci. fa. in the cause had been lost, an order was made by which the same was supplied; and from the supplied paper it appears the original sci. fa. was executed on the 10th day of April 1859; but it does not appear that the same had been on the files in the Clerk’s office, or if so, when it was lost; or that the defendant had ever had an opportunity to inspect or plead to it until the day on *314 which the last paper was supplied; and on that day the defendant’s plea was filed. We think the delay is satisfactorily accounted for, or at least, that it does not appear' the defendant has been guilty of any laches of which the plaintiffs can now take advantage.
The judgment of the Circuit Court will be affirmed.