FERDINAND KNAUFT & others *vs.* ST. PAUL, STILLWATER & TAYLOR'S FALLS RAILROAD COMPANY.

Agust 23, 1875.

Condemnation Proceedings—Oath of Jury.—The proper oath to be administered to a jury empanelled to try the issue on an appeal from an assessment of damages made by commissioners appointed under Gen. St. ch. 34, is the one prescribed by ch. 72, § 5, "to be administered to petit jurors, empanelled for the trial of any civil action or proceeding."

Appeal— What Matters will be Considered.—Questions relating to the admissibility of evidence, or to the correctness of the charge of the court to the jury, will not be considered in this court unless first properly presented to, and ruled upon, by the trial court.

Condemnation Proceedings—Evidence of Title.—The company, in its petition for the appointment of commissioners, avers the title to the property sought to be condemned to be in the claimants who bring the appeal. In such case no evidence is required by the latter, in support of such their alleged title, on the trial of the appeal.

Same—Appeal by Land Owner—When not to be Dismissed.—An appeal from the award of the commissioners, taken by the owners of the property, will not be dismissed because the mortgagees have not joined in the appeal. Neither is it good ground for dismissing such appeal, after the claimants have introduced their evidence and rested, that the jury have not then examined the premises in controversy.

Same—Objection to Form of Assessment after Verdict.—An objection that the jury should have made a separate assessment of damages in favor of each undivided owner, made for the first time after the verdict, will be disregarded as coming too late.

Same—Allowance of Interest on Award.—The case of *Warren* v. *First Div. St. P. & P. R. Co.*, 21 Minn. 424, followed as to the question of the allowance of interest upon the amount of the award.

The railroad company instituted proceedings, under Gen. St. ch. 34, to condemn lots 7 and 8, in block 59, in Kittson's addition to St. Paul, for the purposes of its railroad. The petition of the company set forth that the present respondents were tenants in common of the land in fee, and that certain other persons held a mortgage thereon. The mortgagees took no appeal from the award of the commissioners. The land owners appealed to the district court for Ramsey county, where the cause was tried before *Chatfield*, J., (sitting for the judge of the second district,) and a verdict was rendered for an amount larger than that awarded by the commissioners, and for interest on the amount of the verdict from the date of the filing of the award. A motion by the company for a new trial was denied, and it appealed to this court.

*A. B. Stickney* and *O'Brien & Eller*, for appellant.

*I. V. D. Heard*, for respondents.

CORNELL, J. Section 5, ch. 72, Gen. St., prescribes the form of the oath " to be administered to petit jurors empanelled for the trial of any civil action or proceeding." This oath was administered to the jury in this case. This is alleged as error by the appellant, who claims that the proper oath to be administered on the trial of appeals of this character is the one prescribed to be taken by the commissioners appointed to ascertain and determine the amount of compensation to be paid, before entering upon their duties, by Gen. St. ch 34, § 17, known as the general railroad act. This act is silent upon the subject of the oath to be given to the jury, except that it requires the " matter to be submitted to a jury, and tried as other appeal cases are tried." Section 25. In the absence of any express provision of statute prescribing a particular form of the oath to be administered in cases of this character, no good reason can be conceived why the general statute first above quoted should not apply. Clearly the clause, " any civil action or proceeding," is sufficiently broad to embrace an appeal

from the award of commissioners appointed to assess damages sustained by reason of the taking of lands for railroad purposes. Besides, the oath, which in terms requires the jury "to well and truly try the matters in issue in this action (or proceeding) according to the evidence and the *laws of the state*," is comprehensive enough to include all the duties imposed upon the jury by the general railroad law, or any other law of the state, so that even if the view of appellant's counsel is correct—that their determination of the amount is to be governed in part by a personal view of the premises, and their own judgment as to their value from such examination—this particular duty is provided for by the general oath.

2. It is objected by the company that the only testimony upon which the verdict of the jury was based was the value of the premises taken, and it must be assumed from this that the jury did not take into account the fact that the fee remained in the owner, and that the company only required an exclusive right of use and occupancy for railroad purposes for a limited term of years. All that appears from the record before us on this subject is the following: "Six witnesses were called and sworn on the part of claimants (the respondents here) and testified solely as to the value of the premises." The company then moved to dismiss the appeal on this among other grounds: "That there is no evidence on which the jury can assess the damages or compensation under the statute on which the proceedings and appeal are based." This motion being denied, the company then called several witnesses, who "testified solely as to the value of the premises," and then rested, whereupon claimants "introduced rebutting testimony on the question of value." The court then instructed the jury as to the issue which they were to determine, and the rules of law by which they were to be governed, no part of which, so far as this question is concerned, was objected to by the company. From this statement of facts, gathered from the paper-book, it is difficult to see how the precise point here presented was ever

called to the attention of the court below, or adjudicated by it, and the counsel for appellant admits as much in his printed argument, for he states "that the attention of neither witnesses nor jury seems to have been directed to the question of damages, but simply to that of value alone." Under these circumstances it is too late to raise the question here. It will be presumed, no objection appearing to have been made, that the testimony received was competent evidence upon the question of damages, and that the value to which it related was the value of the property in controversy which the company was seeking to acquire, to wit, the easement for railroad purposes so long as the company had the right to enjoy it.

3. The ownership of the premises in question by the respondents, and the extent and character of their respective interests, distinctly appear from the petition of the company upon which the commissioners were appointed. That they were not bound, on the trial of the appeal, to introduce evidence upon the question of ownership, is fully settled by this court in *St. Paul & Sioux City R. Co.* v. *Matthews*, 16 Minn. 341.

The mortgagees were not necessary parties to the appeal. The statute (Gen. St. ch. 34, § 22,) expressly allows the appeal to be taken by "any party interested."

The question as to the amount of the mortgage debt was not before the jury, neither was it necessary, for these considerations, in determining any rights involved in the appeal as between the company and respondents. The damage sustained by them, by reason of the taking of their property, was the same, whether it was encumbered by a mortgage or not.

On the motion to dismiss the appeal it was objected by the company that the jury had not examined the premises in question. This objection could only be urged, if at all, after application and refusal, and it appears in this case that a view was had on the request of the company.

The damages in respect to each lot were assessed both by

the commissioners and the jury as an entirety without objection. It is too late, after the verdict, to object that there should have been a separate assessment in favor of each undivided owner.

The charge of the court to the jury, upon the question of interest upon the amount of their assessment, is fully sustained by the decision of this court in *Warren* v. *First Div. St. P. & P. R. Co.*, 21 Minn. 424.

Order affirmed.