### ARCHIE WHALEY v. JOHN M. BAYER and Another.[1]

October 13—November 23, 1906.

Nos. 15,061—(198).

**Election Contest.**

R. L. 1905, § 203, authorizes and requires the district courts of the state to hear and determine election contests instituted thereunder in the manner authorized by section 202.

**Court Procedure.**

Where jurisdiction over certain subject-matter is conferred upon a court, and no procedure is provided by the statute, the court will proceed under its general powers, and adopt such procedure as is necessary to enable it to exercise and make effective the jurisdiction thus granted.

Appeal by contestant from an order of the district court for Clay county, Baxter, J., discharging the order to show cause and denying

---

[1] Reported in 109 N. W. 596, 820.

the relief sought. Reversed and cause remanded with direction to hear and determine the contest upon the merits.

*F. H. Peterson* and *Edwin Adams,* for appellant.

*C. A. Nye, Chas. S. Marden,* and *Douglas & Griggs,* for respondent.

On October 13, 1906, the following opinion was filed:

PER CURIAM.

The appellant was a candidate at the last primary election for nomination for the office of sheriff of the county of Clay. He instituted a primary election contest by affidavit and order to show cause, returnable before the district court of the county of Clay, pursuant to R. L. 1905, § 203. The district court, without a hearing of the contest on the merits, made its order discharging the order to show cause and denying the relief sought. The appellant appealed from the order to this court.

The interests of the parties and of the public require that the questions raised on the hearing of the appeal should be determined without unnecessary delay. We therefore defer the filing of a formal opinion to a later day, and at this time simply announce the general conclusion reached, namely, that the order appealed from must be reversed, and the cause remanded, with direction to the district court to hear and determine the contest upon the merits.

It is ordered that judgment be so entered, without costs, and, further, that the remittitur be sent down as soon as the judgment is entered.

On November 23, 1906, the following opinion was filed:

ELLIOTT, J.

The appellant was a candidate at the primary election for the nomination of sheriff of Clay county. After the result of the election was announced he instituted a contest by affidavit and order to show cause which was issued by the court commissioner and made returnable before the district court on October 2, 1906. While the matter was still pending, the contestant presented to the court a petition praying for the appointment of some suitable person as referee to take the testimony of such witnesses as might be produced by the parties and re-

port the testimony to the court. Upon this petition, the court, by an order dated October 5, 1906, appointed three referees, and directed them to examine and inspect the ballots in certain precincts, and report the results thereof to the court. On the same day an order was filed to the effect that "said order to show cause be, and the same hereby is, discharged and the relief sought thereby, denied." In a memorandum the trial court stated that "the proceedings sought to be instituted by the foregoing order to show cause are not authorized by the statute, and therefore no authority exists in this court to grant the relief thereby sought by the contestant, and for that reason the same is discharged."

The trial court erred in discharging this order. R. L. 1905, § 203, authorizes the institution of an election contest by the filing of an affidavit and the issuing of an order to show cause as provided by section 202. In Lauritsen v. Seward, supra, p. 313, 109 N. W. 404, the nature of the proceedings authorized by these two sections was considered and it was held that section 202 provides for a proceeding in the nature of mandamus to compel the performance of existing legal duties, which may be instituted in the supreme court or in the district court, but that the district courts only have original jurisdiction to hear and determine the election contest authorized by section 203. Jurisdiction to hear an election contest instituted by the filing of an affidavit is expressly conferred upon the district court. It is true that the legislature has not designated the manner in which such a contest shall be heard in the district court, but when jurisdiction over a subject-matter is conferred upon a court, and the details of the procedure are not provided for, the court will establish and adopt such procedure as is necessary to render the grant of jurisdiction effective. 18 Enc. Pl. & Pr. 1241. The procedure established by the general election law for the trial of election contests may easily be adapted to the hearing of contests instituted under R. L. 1905, § 203.

The order was therefore reversed, and the case remanded to the district court with instruction to hear and determine the contest upon the merits.