## MARTIN RASKI v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 8, 1915.

Nos. 18,882—(126).

**Damages for injury to animal.**

1. Keyes v. Minneapolis & St. L. Ry. Co. 36 Minn. 290, to the effect that for the wrongful injury to an animal, the injury being such as may be cured by treatment, the owner is entitled to recover the diminished value of the animal after cure, so far as effected, the expense of treatment, and the value of the use of the animal while under treatment, followed and applied.

**Same — charge to jury.**

2. Where the defendant in such an action insists on the trial that the rule of damages is the difference in value before and immediately after the injury, and the evidence upon the subject is limited accordingly, the charge of the court in harmony with the rule so insisted upon is error without prejudice.

**Same — expense of treatment.**

3. Where the owner of the animal is given the difference in value before and immediately after the injury, he is not entitled to the expense of treatment administered in efforts to cure the injury.

[1] Reported in 150 N. W. 618.

128 M.—9.

January 26, 1915.

**Costs on appeal.**

    4. Where it is unnecessary on appeal to print the entire record in order to present the questions raised on appeal, taxation of disbursement. for that item will be cut down to the proper amount. [Reporter.]

Action in the district court for St. Louis county to recover $1,000 for injuries to plaintiff's horses and $150 for the death of a pig. The case was tried before Ensign, J., and a jury which returned a verdict for $899.90. From an order denying defendant's motion for a new trial, it appealed. Affirmed on condition.

*Baldwin, Baldwin & Holmes,* for appellant.

*John R. Heino* and *Theodore Hollister,* for respondent.

BROWN, C. J.

Defendant's line of railroad extends along the farm land and premises of plaintiff. The company failed to fence its right of way as required by law. Plaintiff owned and kept upon his farm among other domestic animals some pigs and several horses. One of the pigs and four of the horses strayed upon the right of way; the pig was killed and the horses injured by a passing train. This action was brought to recover the value of the pig and damage to the horses, the basis thereof being the failure of the company to fence its right of way. The complaint contained two causes of action, the claim as to the dead pig representing the first and the alleged injury to the horses the second. Plaintiff had a verdict on both, and defendant appealed from an order denying a new trial.

The only errors assigned as grounds for a new trial have reference to the instructions of the court, portions of which are claimed to have been prejudicially erroneous.

1. There were two defenses to the first cause of action, namely (1), that a right of way fence, had it been constructed as required by law, would not have prevented the pig from going upon the right of way, for the reason that the animal was so small that it could have passed under the fence without let or hindrance, therefore that the absence of the fence was not the proximate cause of the

untimely death of the pig; and (2) that the size and value of the pig was greatly overestimated by the plaintiff.

Whether the court erred in its instructions in reference to the first defense is the only question now presented. This does not require extended mention. Our examination of the charge, taken as a whole, leads to the conclusion that in point of substance it sufficiently presented defendant's contention to the jury, and to the effect that if a fence, constructed as required by law, would not have prevented the pig from going upon the right of way, no recovery could be had. Though disconnected parts of the charge are perhaps open to some of the objections made, taken in its entirety, the jury was given clearly to understand the turning point on this feature of the case.

2. Upon the issue of damages for injury to the horses, the court instructed the jury that plaintiff was entitled to recover the difference in value before and immediately after the injury, in the condition in which the injury left them, and in addition thereto "such sum as you believe to be reasonable for plaintiff's time and expenses in attempting to cure the horses" of the injuries so inflicted. This was excepted to by defendant and is assigned as a ground for a new trial.

The rule so stated by the court was in conflict with Keyes v. Minneapolis & St. L. Ry. Co. 36 Minn. 290, 30 N. W. 888, where it was held that, in the case of injury to animals, the injury being susceptible to cure by proper treatment, the owner is entitled to recover the diminished market value of the animal after cure, so far as a cure may be effected, and in addition thereto such expenses as he incurred in reasonable efforts to effect a cure, together with the loss of the use of the animal while under treatment, provided the whole does not exceed the original value of the property. The authorities sustaining the rule as there stated are therein cited and the decision has been followed and applied in other states. 2 Notes on Minn. Reports, 982. Of course if the injury be permanent and incurable the rule applied in this case would be proper; if curable the rule of the Keyes case applies. But the owner cannot have the diminished value immediately after the injury, and also the subse-

quent expense of treatment and loss of use of the animal. However, in the case at bar in laying down the rule of damages as respects the difference in value of the horses, the court was guided by the course of the trial. Counsel for defendant insisted that the evidence be limited to the condition of the horses before and immediately after the injury, and the evidence was so limited. In view of this situation defendant cannot now complain of the erroneous rule as thus brought about, and the error was without prejudice. This, however, does not deprive defendant of the right to urge as error the instructions insofar as they authorized the jury to include the expense of treating the horses after the injury. As stated, the owner in a case of this kind cannot have both the diminished value, as determined immediately after the injury, and also the expense of treatment. The portion of the charge was therefore erroneous. But the matter may be corrected without a new trial. It appears from the evidence that the amount of plaintiff's claim for expense of treating the horses was $125. This should be deducted from the verdict.

It is therefore ordered that the order appealed from be reversed and a new trial granted unless, within 10 days after the cause is remanded to the court below, plaintiff shall file with the clerk of that court, a consent to the reduction of the verdict as herein stated. If such consent is so filed the order appealed from will be affirmed.

It is so ordered.

On January 26, 1915, the following opinion was filed:

PER CURIAM.

The errors assigned on this appeal had reference solely to the charge of the trial court, errors being claimed as pointed out in the opinion, yet the entire settled case, containing all the evidence and proceedings on the trial, was printed, the expense for which appellant seeks to tax as a proper disbursement. In view of the character of the questions presented it was unnecessary to print the entire record. Fifty pages would have included all that was essential to an understanding and decision of the questions involved, and the expense of printing the record should be reduced and the clerk's taxation modified accordingly.