# ORONOCO SCHOOL DISTRICT v. TOWN OF ORONOCO.[1]

January 21, 1927.

No. 25,705.

**Measure of damages in condemnation of land for school purposes.**
1. The measure of damage for the taking of land by a school district for school purposes, under the provisions of L. 1925, c. 286, is the value of the land at the time it is taken.

**Issue in district court on appeal from award of commissioners.**
2. Upon an appeal to the district court from an award of the commissioners, the sole issue is the amount of damages to be awarded.

**Regularity or sufficiency of prior proceedings not an issue on such appeal.**
3. Such an appeal raises no question as to the regularity or sufficiency of the proceedings prior to the appeal.

**Damages may be assessed in gross.**
4. In such condemnation proceedings, the damages for the taking may be assessed in gross.

**Ample proof to sustain verdict.**
5. The proof as to the value of the land was ample to justify the verdict.

**No error in rulings on evidence.**
6. There is no merit in the assignments of error as to the rulings on the admissibility and rejection of evidence.

**Entire charge on question of damages proper.**
7. The instructions given by the court upon the question of the amount of damages, when considered together, were sufficient and proper.

**Award on condemnation by school district stands in place of the land.**
8. Such condemnation proceeding is in rem and not in personam, and the award becomes a fund standing in place of the land.

[1]Reported in 212 N. W. 8.

Appeal and Error, 4 C. J. p. 864 n. 34.

Eminent Domain, 20 C. J. p. 537 n. 53 New; p. 728 n. 37; p. 874 n. 94; p. 991 n. 16; p. 1037 n. 61; p. 1074 n. 37 New; p. 1112 n. 56; p. 1113 n. 60 New.

Trial, 38 Cyc. p. 1693 n. 55; p. 1779 n. 75.

See note in 22 L. R. A. (N. S.) 169; 48 L. R. A. (N. S.) 485; 10 R. C. L. 52.

The town of Oronoco appealed from an order of the district court for Olmsted county, Callaghan, J., denying its motion for a new trial. Affirmed.

*Fraser & Fraser,* for appellant.

*Granger & Clemens,* for respondent.

QUINN, J.

The school district of Oronoco was organized in 1886, under Special Laws of 1866, p. 170, c. 38, and is known as School District No. 2 of Olmsted county. Oronoco is not an incorporated village, borough or city. In 1855 Leonard B. Hodges, John B. Clark and Ebenezer Collins executed and filed a plat of the town of Oronoco upon which was designated as a "public square" the land in question, which is 300 feet square and has since that time been known as "North Park." The persons named in the petition for condemnation are the heirs, so far as known, of those who platted the public square. Chapter 286, p. 360, of the Laws of 1925, provides as follows:

"Any school district is hereby authorized and empowered to acquire, for school purposes, under the right of eminent domain, any tract of land dedicated, attempted to be dedicated, or designated as a public square in any town plat of land within, or partly within, such school district and not within the limits of any incorporated village, borough or city."

This is a proceeding to condemn the public square referred to as the site for a school house. The commissioners assessed the damages at $900. The town of Oronoco appealed to the district court where the trial resulted in a verdict fixing the damages at $2,000.

Thereafter, on motion, the trial court divided that sum—$1,925 to the town of Oronoco and $75 to the heirs of those who originally platted the town and dedicated the public square. This is an appeal by the town from the order denying its motion for a new trial.

Upon such appeal the issues to be tried in the district court are the same as those heard before the commissioners, the sole issue being the amount of damages to be awarded. The appeal raises no question as to the regularity or sufficiency of the proceedings. But, if power to take the property be lacking, power to award damages is also lacking, and appellant would not be barred from raising the question that the taking was beyond the power conferred by the statute. Dun. Dig. § 3110; Board of Water Commrs. v. Roselawn Cemetery, 138 Minn. 458, 165 N. W. 279. The damages for the taking may be assessed in gross. Sherwood v. St. P. & C. Ry. Co. 21 Minn. 122. It is too late, after verdict, to object that there was not a separate assessment of the damages of each individual owner. Knauft v. St. P. S. & T. F. R. Co. 22 Minn. 173. The issues upon this appeal are whether the verdict was justified by the evidence and whether there were errors of law occurring at the trial to the prejudice of the rights of appellant.

The proofs as to the value of the land varied from $650 to $6,000. The jury fixed the value thereof at $2,000. The trial court approved the verdict. The evidence was ample to make an issue for the jury as to value. The verdict should not be disturbed by this court. We find no merit in the various assignments of error as to the rulings on the admissibility or rejection of evidence. There are numerous objections to the charge, the principal one being the failure of the court to explain to the jury the measure of damages. It may be noted that the court told the jury that they were to determine the reasonable value of the property. If the appellant was dissatisfied with such instruction, it should have called the court's attention thereto and at least suggested a correction, if any there were to offer. But taking the charge as a whole the jury could draw no other conclusion than that they were to determine the value of the land and award that amount as its verdict.

The remaining question is the power of the court to direct an assessment, by the commissioners, in gross. Such a defect, if such it was, amounted at most to a mere irregularity in an intermediate proceeding, which must be taken advantage of by a direct proceeding for a reassessment. This not having been done, the alleged defect was waived by the appeal. Rheiner v. Union Depot St. Ry. & Tr. Co. 31 Minn. 289, 295, 17 N. W. 623. There is no provision in the statute for determining, at the time of hearing the petition, the interests of the various parties in the land to be taken. Section 6541, G. S. 1923, merely requires the petition to state the names of all persons appearing of record or known to the petitioner to be owners. Such condemnation proceeding is in rem and not in personam. The award becomes a fund standing in place of the land, and whoever owns the land is entitled to the award. Smith v. City of St. Paul, 65 Minn. 295, 68 N. W. 32; Eyre v. City of Faribault, 121 Minn. 233, 141 N. W. 170, L. R. A. 1917A, 685; State ex rel. Kafka v. District Court, 128 Minn. 432, 436, 151 N. W. 144.

Where jurisdiction over certain subject matter is conferred upon a court and no procedure is provided by the statute, the court will proceed under its general powers and adopt such procedure as is necessary to enable it to exercise and make effective the jurisdiction thus granted. Whaley v. Bayer, 99 Minn. 397, 109 N. W. 596, 820.

Affirmed.

STONE, J. (dissenting).

It is true that the learned trial judge instructed the jury, generally, that the measure of damages was the value of the land to be taken. The trouble is that in connection with that general instruction he charged them particularly as follows:

"Now, you have a right to take into consideration the fact that the petitioners, that is, the people of the school district, are all citizens of the township, or residents of the township, and whatever they have to pay as residents of the district, they have to pay partially to themselves as citizens of the township. You have a right to take into consideration also who would be the most benefited by

the use of this land as a park, the people who live in the school district which comprises the territory of this would-be village or the people who live outside of it."

That instruction is concededly erroneous. It went directly, and in a fashion that may well have been controlling upon the jury, to the one and vital issue. I think it so clearly prejudicial that there should be a new trial. For that reason, I dissent.

WILSON, C. J.
I concur in the dissent.