FRANK STEMPER v. COUNTY OF HOUSTON.[1]

October 7, 1932.

No. 29,018.

*William E. Flynn*, County Attorney, for appellant.
*L. L. Duxbury* and *L. L. Roerkohl*, for respondent.

STONE, J.

Action to recover damages awarded in the establishment of a county highway. On agreed facts, plaintiff had judgment, and defendant county of Houston appeals. Defendant Mary Schmitt is out of the case by stipulation.

Plaintiff claims as mortgagee of a farm damaged by the road in question. The county commissioners fixed the amount at $400. The fee owner being then recently deceased, the award was made to the "L. Gaarder Estate." July 7, 1927, it was paid by the county to the administrator of the estate, notwithstanding that plaintiff's mortgage in the principal sum of $8,000 was then outstanding and unpaid. The mortgage was of record at the time the road was established and also when the award was made and paid. Thereafter it was foreclosed and the premises sold for something less

[1] Reported in 244 N. W. 690.

than the sum due. Plaintiff was held entitled to recover enough of the award to make him whole.

In condemning and taking land for the highway the county was exercising the power of eminent domain. Under the procedure fixed by statute, G. S. 1923, § 2582, as amended, 1 Mason, 1927, id., it was for the county board to determine the damages which would be "sustained by each owner through whose land such road or roads may pass, and with whom it cannot agree as hereinafter provided, or who is unknown, specifying the amount of damages, if any, awarded to each land owner." The argument for the county is that the board had power, subject to appeal, to determine not only what the damages were in each case, but also just who was to get them as owner, and so concludes that the award to the Gaarder estate necessarily and finally excluded plaintiff, there having been no appeal.

That argument we cannot allow. The statute did not intend to exclude any individual entitled to an award, or any part of it, nor did it intend that the county board should determine necessarily and in every case just how an award was to be divided between cotenants or mortgagor and mortgagee. In the statute the word "owner" designates generally the party or parties in whose favor the assessment is to be made. It is not exclusive, but rather comprehensive, and includes "all persons having interests in the land, or who are entitled to the compensation to be awarded for the injury to the property." Moritz v. City of St. Paul, 52 Minn. 409, 415, 54 N. W. 370, 371.

There is nothing in the statute, nor extraneous to it and involved in the conventional proceeding to establish a highway, which requires initial division of the award between owner and lienholder, life tenant and remainderman, lessor and lessee, or cotenants, nor for determining at the time the precise status of the title to the land taken or damaged. Oronoco School Dist. v. Town of Oronoco, 170 Minn. 49, 212 N. W. 8. A highway proceeding is in rem against the property rather than in personam against the owners; and when an award of damages is made, it takes the place of the property

taken for the benefit of those interested in the latter and in proportion to their respective interests. So one interested in condemned real estate has the right to have an award brought into court for apportionment "to enable him to obtain compensation for the taking of his property." State ex rel. Kafka v. District Court, 128 Minn. 432, 439, 151 N. W. 144, 147.

We need not consider whether in a proper case county commissioners have right or power not only to make an award but also to apportion it either tentatively or finally between two or more owners. Something of that kind was done in a railroad condemnation in Trogden v. W. & St. P. R. Co. 22 Minn. 198. But we do hold that where the award on its face runs to one as owner, it is incumbent upon the county before payment to make sure that the person so designated is entitled to the money rather than some other owner or lienholder of whose claim the county, like anyone else, is charged with constructive notice by its own public records. There is no question that a mortgagee may claim enough of the award in a condemnation proceeding to make him whole. Morgan v. Willman, 318 Mo. 151, 1 S. W. (2d) 193, 58 A. L. R. 1518 (annotation, 1534) ; Boutelle v. City of Minneapolis, 59 Minn. 493, 61 N. W. 554. Paraphrasing from Lumbermens Ins. Co. v. City of St. Paul, 82 Minn. 497, 85 N. W. 525, if the county has paid the money to the wrong party, such payment is no defense to the claim of the right one.

Judgment affirmed.