## GEORGE T. COULTER *v.* L. K. STERLING, DEFENDANT; JAMES BICKNELL, AUDITOR CITY AND COUNTY OF HONOLULU, GARNISHEE.

### No. 2230.

ARGUED SEPTEMBER 18, 1935.     DECIDED NOVEMBER 5, 1935.

COKE, C. J., PETERS, J., AND CIRCUIT JUDGE METZGER IN
PLACE OF BANKS, J., UNABLE TO ATTEND
ON ACCOUNT OF ILLNESS.

OPINION OF THE COURT BY COKE, C. J.

On February 20, 1935, Mrs. Ellen D. Smythe and the defendant, L. K. Sterling, became respectively the clerk and deputy clerk of the senate of the eighteenth legislature of the Territory of Hawaii. Sterling was at the time also a duly commissioned deputy sheriff of the City and County of Honolulu. Some time previously various of Sterling's creditors had instituted actions in assumpsit against him naming the city and county auditor as garnishee. Judgments were obtained in these cases and the usual garnishment notices were issued.

On the date mentioned Frank Nichols, Limited, one of Mr. Sterling's creditors, who at that time had an action pending against him, caused a garnishee summons to be issued naming Mrs. Smythe, the clerk of the senate, garnishee. This process came into the hands of Sterling for service, who, immediately after the oath of office was administered to Mrs. Smythe as clerk and to himself as deputy clerk of the senate, served the summons upon her. Subsequently, but on the same date, the appellant George T. Coulter, and other judgment creditors of Sterling, caused notices of garnishment to be served on Mrs. Smythe as clerk of the senate for the purpose of sequestering a portion of the salary which would become payable to Sterling as assistant clerk of the senate. Mrs. Smythe, being confronted with these conflicting claims, filed an application of interpleader setting forth therein that Sterling was an employee of the senate in the capacity of an assistant clerk with a salary of $10 per day and that said salary was payable by warrants drawn by the approval of herself as clerk. She further averred that garnishee summons in the case of Nichols v. Sterling and transfer orders of garnishment in the other proceedings against Sterling, including the case of the present appellant Coulter, had been served upon her; that she had certain funds in her hands belonging to Sterling but because of the conflicting and rival claims of creditors she was in doubt as to whom the funds should be paid and concluded with a prayer that the several parties claiming the fund be joined as defendants and required to set forth their rights and interests therein and that the court make such order as might be just and reasonable. Among others, the appellant George T. Coulter appeared by way of answer in which he alleged *inter alia* that "no proper or legal service of said declaration and garnishee summons in said action [Frank Nichols, Limited, v. Leon K.

Sterling, defendant, Ellen D. Smythe, clerk of the senate, garnishee] was ever made upon the said Ellen D. Smythe on February 20, 1935, by any legally constituted person; that the handing of said declaration and garnishee summons to the said Ellen D. Smythe by the said Leon K. Sterling could in no way constitute a legal service of process in that, among other things, the said Leon K. Sterling could not as defendant in said action legally serve said declaration and garnishee summons, and at the same time be either a deputy sheriff or an assistant clerk of the senate or a private person." It will be noted that the service of process made on the garnishee Ellen D. Smythe was through Sterling as deputy sheriff, who was also the defendant in the proceeding. Over the objection of Coulter the court below held that the service was sufficient in law and because in point of time service upon the garnishee was first had in the Frank Nichols, Limited, case, judgment was entered directing the garnishee to pay to Frank Nichols, Limited, such sums of money as were retained by her by reason of the garnishee process served upon her in the Nichols case.

The court below disposed of the controversy in the following language: "The court is going to 'take the bull by the horns' and rule that the service was sufficient, under the statute, in the Frank Nichols case, and that it is erroneous to construe the acceptance of employment as assistant clerk of the senate as prohibited by law so as to automatically vacate the office as deputy sheriff entitled to serve papers, and that the second feature of the statute which provides a method of service where the sheriff (which, under the statute, would include deputy sheriff) was a party, is not intended, either by its language or its purposes in the statute, to support a ruling that actions taken by such a deputy sheriff in serving a garnishee in

a suit in which the deputy sheriff was principal defendant can be vacated and held to be void."

Coulter brings the case to this court on a bill of exceptions in which he assails the decision of the circuit court on the ground that a deputy sheriff is prohibited by law from executing process in any court proceeding to which he is a party and consequently the attempted service by Sterling of process on Mrs. Smythe, garnishee named in the Nichols case, was wholly void and created no lien upon Sterling's salary or on any part of it which could in any way affect the lien in favor of Coulter which became effective upon the service of the notice of transfer garnishee order on Mrs. Smythe in the Coulter case.

Abstractly, and in its ultimate essence, the question for our determination is: May a deputy sheriff who is a defendant in the cause legally serve process on a person joined as garnishee in the same proceeding?

The Hawaii statutes having direct bearing upon the question involved are sections 3109 and 3116, R. L. 1935. These statutes read: "Sec. 3109. Serving process against sheriff. When the sheriff is a party to an action or proceeding, the process and orders therein, which it would otherwise be the duty of the sheriff to execute, shall be executed by a deputy sheriff; provided, when an action is begun against the sheriff, all process and orders may be served by any person, a citizen of the United States, over the age of twenty-one years, appointed by the court or judge for that purpose." "Sec. 3116. Officer includes deputies. Whenever the official name of any principal officer is used in this chapter, it includes his deputies. Every assistant, deputy or other subordinate of any board, department or officer, shall discharge any of the duties pertaining to such board, department or office as his chief may assign to him." These statutes are but a legislative recognition of the common-law principle governing the

service of process where a sheriff or a deputy sheriff is a party to or interested in the litigation. 50 C. J. 470. See also 35 Cyc. 1531. But, say counsel for appellee, the garnishee is technically not a party to the action between Nichols and Sterling, that the process served upon her was in an ancillary proceeding in which Sterling had no interest. It is true that in an action of this nature the objects sought to be obtained by plaintiff are dual in their nature. On the one hand plaintiff is seeking to recover judgment against the defendant and on the other to sequester in the hands of a garnishee funds payable or to become payable to the defendant. Sections 4294 and 4295, R. L. 1935, contemplate but a single proceeding to accomplish the two-fold object and it is beyond question that in the present case Sterling, the deputy sheriff, was a party to that proceeding and is thus brought within the prohibitory provision of section 3109, *supra*.

In order to disqualify the deputy sheriff as process server in this case, it was not necessary that he should have a pecuniary interest in the issues between the plaintiff and the garnishee. His disqualification existed because he was a party to the proceeding. A clear statement of the rule is found in *Wise* v. *Toner*, 176 Pac. 838, where it is held: "Whether or not the defendant sheriff had any pecuniary interest in the case is immaterial, since in either event he was 'a party to the case' within the meaning of the statute." The same rule was announced in the early case of *Knott* v. *Jarboe*, 58 Ky. 504. We quote from the opinion: "The right of a sheriff to execute process in cases which he is a party, or is interested, is so manifestly inconsistent with public policy and with the impartial administration of justice, that the exercise of any such right has always been prohibited. * * * The right of a plaintiff in an action to execute his own process is so obviously repugnant to the genius of our system of ju-

626

risprudence, that we suppose there have been but very few instances of an attempt to exercise it. The sheriff in this case may not, it is true, have had any pecuniary interest in the result of the suit, but he was a party, the sole plaintiff in the action, and he was upon that ground expressly prohibited by the rule of law referred to, from having anything to do with the service of the process. There was, then, no legal or valid service of process upon the appellant; and it results as a legal consequence that the judgment was, as to him, a nullity; and he was no more bound or concluded by it than if a notice of the commencement of the suit had been served upon him by a private person, having no color of official authority." ·

In *Stewart* v. *Magness,* 88 Am. Dec. 598, it is said: A "sheriff is incompetent to act when he is a party to the record or interested in the suit; and in such case, the execution of process by him or his deputy is unlawful and void." See also *People* v. *Feicke,* 96 N. E. 1052, and *Collais* v. *McLeod,* 49 Am. Dec. 376. Again, in *Bowen* v. *Jones,* 55 Am. Dec. 426, the court says: "The *fieri facias* was absolutely void and of no effect; and the defendant [sheriff] had no power or authority to execute it. At the common law, where the sheriff is a party—either plaintiff or defendant—the process must be directed to the coroner of the county. * * * If, then, the process * * * is null and void, it follows, as a necessary consequence, that the officer is under no obligation to take notice of it, and can legally do no official act under it." As well said in the early case of *State of Georgia* v. *Jeter,* 60 Ga. 489: "The general scheme of the law is not to trust the sheriff to perform the functions of an officer where he has the interest of a party. He is not to be both priest and penitent."

If a sheriff, being the defendant in an action, may legally serve the court's process on a garnishee in the same proceeding, issued at the instance of plaintiff for the pur-

pose of sequestering funds belonging to the defendant in the hands of a third person, a doorway would be opened which might lead to serious abuses and oppression. The sheriff might, for instance, through collusion with other creditors, purposely delay making service upon the garnishee or by other wrongful means entirely defeat plaintiff's rights in the premises. Neither the power nor the temptation to do so ought to be reposed in a sheriff or a deputy sheriff. That the legislature was of the same mind, we think is clearly indicated by the provisions of section 3109, R. L. 1935.

The appellant, upon being cited before the court on the application of interpleader, promptly raised the question of the legality of the service upon the garnishee in the Nichols case. If there was no valid service upon the garnishee then it follows that no lien upon the funds in her hands was created in that proceeding and the judgment creditors in the other cases, who subsequently served upon Mrs. Smythe notices of transfer of garnishment orders, became the first lienors in the order in which such notices were served.

We conclude that the attempted service of process by the defendent deputy sheriff upon the garnishee Smythe was contrary to public policy, in derogation of the principle of the common law and in direct violation of the provisions of the statutes of Hawaii and therefore wholly void.

The exceptions are sustained and the cause is remanded to the court below with instructions to vacate the judgment therein rendered and for further proceedings not inconsistent with this opinion.

*D. G. Ridley* (*Smith, Wild, Beebe & Cades* on the briefs) for George T. Coulter, appellant.

*W. R. Ouderkirk* (also on the brief) for Frank Nichols, Ltd., appellee.