The YEAR 2001 BUDGET APPEAL OF Lyle LANDGREN, Pipestone County Sheriff, Petitioner, Appellant,

v.

**PIPESTONE COUNTY BOARD OF COMMISSIONERS, Respondent.**

**No. CX–01–618.**

Court of Appeals of Minnesota.

Sept. 25, 2001.

Gregory R. Anderson, Anderson Larson Hanson & Saunders, P.L.L.P., Willmar, MN, for appellant.

Scott T. Anderson, Ratwik Roszak & Maloney, P.A., Minneapolis, MN, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge, KLAPHAKE, Judge, and HALBROOKS, Judge.

## OPINION

HALBROOKS, Judge

The county sheriff challenged a resolution by the county board, contending that the funding for the sheriff's budget was inadequate. He personally served notice of appeal on the county auditor pursuant to Minn.Stat. § 387.20, subd. 7 (2000). The district court dismissed the appeal for lack of jurisdiction on the ground that,

under Minn. R. Civ. P. 4.02, a party to the action may not serve the summons. Because the district court correctly interpreted the rule, we affirm.

## FACTS

On December 26, 2000, respondent Pipestone County Board of Commissioners passed its annual budget, which included the budget for the sheriff's office. Pursuant to statute, a sheriff may challenge the portion of the county budget relating to the sheriff's office by serving the county auditor with a notice of appeal within 15 days after the budget resolution. Minn. Stat. § 387.20, subd. 7 (2000). On January 4, 2001, appellant Sheriff Lyle Landgren personally delivered the notice of appeal to the county auditor.

█ Respondent moved to dismiss, arguing that, due to insufficient service of process, the district court lacked personal jurisdiction. After a hearing, the court found that the Minnesota Rules of Civil Procedure apply to a budget appeal and that, under rule 4.02, the sheriff, as a party to the action, cannot properly serve process. Because there was insufficient service of process, the court held that it lacked personal jurisdiction and dismissed the case without prejudice. Even though the dismissal was without prejudice, because of statutory time restraints, appellant had no opportunity to re-serve. Therefore, the order amounts to a dismissal with prejudice, which is appealable. *Stransky v. Indep. Sch. Dist. No. 761*, 439 N.W.2d 408, 409 (Minn.App.1989), *review denied* (Minn. July 12, 1989).

## ISSUES

1.  Did the district court err in holding that a sheriff who is a party to an action can not serve process?

2.  Did the district court err in dismissing the budget appeal for lack of personal jurisdiction?

## ANALYSIS

### I.

Appellant argues that neither the language nor the purpose of Minn. R. Civ. P. 4.02 prohibits the sheriff from personally serving process in a budget appeal.

█ Whether service of process is proper is a question of law reviewed de novo. *Amdahl v. Stonewall Ins. Co.*, 484 N.W.2d 811, 814 (Minn.App.1992), *review denied* (Minn. July 16, 1992). Interpretation of the rules of civil procedure is also a question of law, which this court reviews de novo. *Barrera v. Muir*, 553 N.W.2d 104, 108 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996).

█ The initiation of an action in a Minnesota court requires a plaintiff to follow the procedures in the Minnesota Rules of Civil Procedure. Minn. R. Civ. P. 4.01. Generally, a party is prohibited from making personal service. *See* Minn. R. Civ. P. 4.02, 4.03. Specifically, Minn. R. Civ. P. 4.02 provides:

> [T]he sheriff or any other person not less than 18 years of age and not a party to the action, may make service of a summons or other process.

█ Appellant argues that the final conjunctive phrase of the rule—"and is not a party to the action"—applies only to "any other person" and not to the sheriff. Thus, appellant argues that a sheriff, even if a party to the action, is not prohibited from serving process. But appellant's argument is without legal basis, and adoption of appellant's interpretation of the rule would lead to absurd results. Under appellant's interpretation, a sheriff with an interest in the litigation could serve the

adverse party. Thus, a sheriff could serve an opposing party in a civil suit or a spouse in a dissolution action. Such possibilities run counter to the purpose of rule 4.02, which is "to eliminate bias, acrimony and possible oppression which is inherent in litigation." *Lewis v. Contracting NW, Inc.,* 413 N.W.2d 154, 155 (Minn.App.1987) (affirming dismissal when pro se party personally served opposing party); *see also Stransky v. Indep. Sch. Dist. No. 761,* 439 N.W.2d 408 (Minn.App.1989) (service of notice of contest challenging results of school-bond-issue election was improper, as it was made by a person challenging election who was party to action), *review denied* (Minn. July 12, 1989).

Appellant notes that his grievance is with the county board, yet the statute directs him to serve the county auditor. Therefore, appellant argues, service by the party-sheriff in these circumstances does not compromise the rule's purpose. But ignoring the nonparty rule whenever another procedural rule or statute eliminates "possible acrimony" by directing service to a party's agent leads to inconsistent application of the rule. *See, e.g.,* Minn.Stat. § 387.20, subd. 7 (2000) (directing service to the county auditor); Minn. R. Civ. P. 4.03(b)-(e) (explaining how to serve process on entities). Accordingly, making an exception here under rule 4.02 appears incongruous with interpreting the procedural rules to create consistency for all civil actions. *Leek v. Am. Express Prop. Cas.,* 591 N.W.2d 507, 508–09 (Minn.App.1999) (noting that rules concerning the "commencement of an action should be construed * * * to provide a single, uniform course of procedure" applicable to all civil actions (citation omitted)), *review denied* (Minn. July 7, 1999).

In this case of first impression, our interpretation both supports the purpose behind rule 4.02 and, as the district court noted in its decision, is consistent with the rulings and long-standing policies in other jurisdictions. *See, e.g., Knott v. Jarobe,* 58 Ky. 504 (1859) (a sheriff cannot serve a writ when he is the plaintiff of record, even if he has no interest in the suit); *Stewart v. Magness,* 42 Tenn. 310, 313 (1865) ("we conclude that if the Sheriff is a party to the record, or is interested in the suit, he is incompetent to act, and in such case the execution of process by him or his deputy, is unlawful and void").

■ " 'Service of process in a manner not authorized by the rule is ineffective service.' " *Lundgren v. Green,* 592 N.W.2d 888, 890 (Minn.App.1999) (quoting *Tullis v. Federated Mut. Ins. Co.,* 570 N.W.2d 309, 311 (Minn.1997)), *review denied* (Minn. July 28, 1999). Because the sheriff was a party to the action and served process on the adverse party, the district court did not err in finding ineffective service and a violation of rule 4.02.

## II.

■ As an alternative argument, appellant contends that any error in service was technical and that dismissal was improper because the service of process satisfied the requirements of due process. But timely service on adverse parties has long been jurisdictional. *Hansing v. McGroarty,* 433 N.W.2d 441, 442 (Minn.App.1988), *review denied* (Minn. Jan. 25, 1989). Therefore, "[i]f service of process is invalid, the district court lacks jurisdiction to consider the case, and it is properly dismissed." *Leek,* 591 N.W.2d at 509 (citations omitted); *see also Winkel v. Eden Rehab. Treatment Facility, Inc.,* 433 N.W.2d 135, 137 (Minn. App.1988) (service of process ineffective if not in a manner authorized by rule 4). Although the application of the rule in this case creates a harsh result, this court has stated that "there is no exception to the nonparty rule without authorization by the

Minnesota Rules of Civil Procedure." *Lewis,* 413 N.W.2d at 157. Therefore, because we hold that service of process was insufficient, the court lacked jurisdiction and correctly dismissed the action.

## DECISION

The district court does not have jurisdiction to consider a budget appeal because the sheriff personally served process in violation of Minn. R. Civ. P. 4.02. The district court did not err in dismissing the budget appeal for lack of personal jurisdiction when service of process was ineffective.

**Affirmed.**