## HARRIS L. JACKSON v. MINNESOTA DEPARTMENT OF MANPOWER SERVICES.

207 N. W. 2d 62.

April 27, 1973—No. 43726.

*Harris L. Jackson,* pro se, for relator.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, *Peter C. Andrews,* Assistant Attorney General, and *William A. Peters,* Special Assistant Attorney General, for respondent.

PER CURIAM.

This matter is before the court to review a decision of the commissioner of the Minnesota Department of Manpower Services affirming the appeal tribunal's order dismissing as untimely claimant's appeal from the claims deputy's determination that he was disqualified from receiving benefits for 2 weeks.

Minn. St. 268.10, subd. 2(4), provides in part that the determination of the claims deputy shall become final unless the aggrieved party files his appeal within 7 days after the delivery of the notice of determination, or within 7 days after the notice has been mailed to his last known address. Under § 268.04, subd. 15, the postmark determines the date of filing if an aggrieved party mails his appeal.

The tribunal had before it a copy of the notice of determination mailed to claimant which showed it was mailed or delivered May 11,

1971, and the postmark on claimant's notice of appeal which was dated May 19, 1971. It found that claimant filed his notice of appeal 1 day after the time provided by § 268.10, subd. 2(4), had expired. The commissioner affirmed.

We hold that the evidence supports these findings and that under § 268.10, subd. 2(4), the appeal was untimely. Claimant contends that the limitation period did not begin to run until he *received* the notice of determination in the mail. We do not agree. The notice clearly informed claimant that the date of delivery was May 11, 1971, and that he had 7 days thereafter in which to file an appeal.

Claimant asserts that he actually mailed his notice of appeal on May 17, 1971. However, he failed to attend the hearing afforded him to present that evidence. Nevertheless, had he done so, it is not clear that he was entitled to relief. Section 268.10, subd. 2(4), does not explicitly authorize the appeals tribunal to excuse a delay "due to compelling good cause" as § 268.10, subd. 2(1), provides. That is an issue we need not decide in these proceedings.

Affirmed.