MOTHER HUBBARD'S CUPBOARD AND ANOTHER v.
COMMISSIONER OF EMPLOYMENT SERVICES.

235 N. W. 2d 842.

November 28, 1975—No. 45548.

*Marvin J. Morrison,* for relators.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, *Peter C. Andrews,* Assistant Attorney General, and *Louis K. Robards,* Special Assistant Attorney General, for respondent.

Heard before Otis, Peterson, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

Relator, David A. Wederath (hereafter employer), now doing business as Mother Hubbard's Cupboard in St. Paul, seeks review of a decision of the Department of Employment Services (hereafter the department), dismissing as untimely his appeal from the department's assessment of his contribution rate for 1973.[1] We affirm.

Until May 1971 employer operated a restaurant in Minneapolis known as the Lux Cafe. The property which he leased was taken by Hennepin County in eminent domain proceedings. He closed his business at that location on May 30, 1971, and terminated the employment of two employees, who thereupon filed claims for unemployment compensation with the department. Notices of these claims for benefits and

[1] See, Minn. St. 1971, § 268.06, subd. 8.

of employer's right to protest the claims within the statutory 7-day period were mailed to the Lux Cafe address in Minneapolis as the last known business address of employer. Because employer had neither informed the department of a substitute business address nor filed a forwarding address with the post office, the notices were returned to the department. As a result of employer's failure to file a timely protest, the claims were allowed and paid.[2]

On April 20, 1972, the department notified employer at his new address, Mother Hubbard's Cupboard in St. Paul, that the claims paid to his former employees would be charged to his experience account.[3] The notice advised the charge would become final unless appealed within 30 days. It was not appealed.

On January 31, 1973, the department notified employer that based on the size of his experience account his contribution rate for 1973 would be 4.5 percent of payroll. Employer then filed a letter of protest with the department.

On March 22, 1973, the department acted on the formal protest and affirmed its determination of a 4.5 percent rate. In its letter to employer it advised that this affirmation would become final unless he appealed within 10 days.[4] Employer filed an appeal some 151 days later.

An employer's contribution rate is determined by adding his individual experience ratio to the minimum contribution rate. Employer

---

[2] Minn. St. 268.10, subd. 1, provides that the department shall notify the employer at his last known address of any employees' claims for benefits. The determination of any such claims is to become final unless the employer challenges them within 7 days.

[3] See, Minn. St. 268.06, subds. 6 and 21.

[4] Minn. St. 268.06, subd. 19, provides that the department shall mail each employer notice of charges to his experience account and notice of his contribution rate and that unless reviewed in the manner thereinafter provided the charges and rates as determined shall be final except for fraud. Subd. 20 provides that the employer may have a review of his charges or contribution rate by filing a written protest within 30 days from the date of the mailing of the notice of the charge or contribution rate. Upon receipt of such a protest the commissioner of the department refers the matter to an official designated by him to review the matter and either affirm or make a redetermination. A notice of the affirmation or redetermination is mailed immediately to the employer, and if he is unsatisfied with it he may appeal from the action of the designated official by filing a notice within 10 days. If he appeals, the matter is set for hearing before a referee.

is correct in observing that his experience ratio is computed simply by applying a mathematical formula based on the size of his experience account and total taxable payroll and that the experience account is determined solely by the amount of chargeable benefits paid. Therefore, absent any mathematical or clerical errors, the contribution rate may be redetermined only by showing that some claims were not properly chargeable to his experience account. But the charges in question became final when employer failed to appeal from them.

The essence of employer's position is that fairness and due process require that he be heard on the propriety of the employees' claims since he had no actual notice of these claims prior to the time they were allowed in 1971. Employer acknowledges that he failed to appeal from the notice of April 20, 1972, even though with this notice he received actual knowledge that the employees' claims had been paid, that the department intended to charge those claims to his experience account, and that the charge would become final unless he appealed within 30 days. He argues that the narrow scope of the inquiry at that and subsequent stages foreclosed him from effectively contesting the underlying basis for the charge.

We do not reach potential constitutional issues raised by this appeal of employer. We decide neither whether notice mailed to employer's last known business address was adequate nor whether, had he appealed from the charge to his experience account, due process would have required the department to hear him on the propriety of the employees' claims for benefits. From the record before us we cannot determine what the commissioner would have done in these circumstances. Although employer had the opportunity to put the matter in issue promptly following the notice of April 20, 1972, he failed to do so. Employer's appeal from the department's affirmation of his contribution rate was properly dismissed because it was filed more than 4 months too late.

Affirmed.