Keith R. **GREWE**, Relator,

v.

**COMMISSIONER OF ECONOMIC SECURITY**, Respondent.

No. C6–85–2306.

Court of Appeals of Minnesota.

April 29, 1986.

Keith R. GREWE, pro se.

Hubert H. Humphrey, III, Atty. Gen. Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by PARKER, P.J., and LANSING, and CRIPPEN, J., without oral argument.

## MEMORANDUM OPINION

LANSING, Judge.

### FACTS

Keith Grewe filed an unemployment compensation claim on July 26, 1981, and received benefits in 1981 and 1982. The Commissioner determined in December 1982 that Grewe had not been eligible for

benefits from May 16 through June 12, 1982, and from June 13 through July 10, 1982, because in those weeks he received vacation pay from his former employer. On December 10, 1982, the Commissioner sent Grewe overpayment notices stating that each overpayment amounted to $632 and that Grewe had a right to appeal. The notices were sent to Grewe at 993 Edmund in St. Paul, the only address contained in the Commissioner's file. On January 3, 1983, the Commissioner determined that Grewe was overpaid $158 because he received holiday pay from his former employer for the week ending December 26, 1981. Another overpayment notice was sent to 993 Edmund. The Commissioner received no response, and in November 1984 Grewe was notified, again at 993 Edmund, that $790 would be collected under the Revenue Recapture Act, Minn.Stat. § 270A.01 *et seq.* (1984).

In December 1984 Grewe decided to open a small business and went to the Department of Economic Security office to set up a payroll. A department employee informed him that overpayments to him were still outstanding. Grewe said he had not received notice of the overpayments. He discussed the reasons for the Commissioner's determination with a department representative the same day.

Eight months later, in August 1985, Grewe received a reduced tax refund from the Minnesota Department of Revenue. On August 20, 1985, he appealed the department's 1982 overpayment determinations. After a hearing, a department referee dismissed the appeal as untimely, holding the department no longer had jurisdiction. A Commissioner's representative affirmed and denied Grewe's motion for reconsideration.

Grewe contends that the notices were improperly sent to 993 Edmund. He acknowledges that he owned and lived at 993 Edmund when he was married, but says he moved to 2223 Conway before he applied for unemployment compensation. His former wife and children, whom he sees on a regular basis, live at 993 Edmund. Grewe testified that because of the passage of time, he does not remember filling out the forms or what address he gave the department. He testified that he did not receive the notices.

## DECISION

■ The Commissioner's determination that the appeal is untimely is supported by the record.[1] In an overpayment determination, a claimant must file a written request for a hearing within 15 days of the department's notice or the determination becomes final. The department is required to deliver the notice personally or send the notice to the claimant's last known address. *See* Minn.Stat. § 268.18, subd. 1 (1982). The Commissioner's representative concluded that Grewe's last known address was 993 Edmund. This address appeared throughout the file and was the address to which documents and checks, unless collected personally, were mailed. The Commissioner concluded that the department could only have received that address from Grewe, and because this was the only time Grewe received benefits, it was not taken from an earlier file. There was no affirmative evidence that a different address was provided. The Commissioner's finding that 993 Edmund is Grewe's last known address is supported by the record. *See Cary v. Custom Coach, Inc.*, 349 N.W.2d 331, 332 (Minn.Ct.App.1984).

■ The statute does not require that a claimant have actual notice of the determination for the appeal period to run. *See Mother Hubbard's Cupboard v. Commissioner*, 306 Minn. 547, 549, 235 N.W.2d 842, 844 (1975). However, in this case Grewe received actual notice in December 1984 and did not request a hearing until eight months later. The department's dismissal is affirmed.

Affirmed.

---

1. The review of a department determination of overpayment is governed by the same rules that apply to appeals from other benefit determinations. Minn.Stat. § 268.18, subd. 1 (1982); § 268.10 (1982).