Heidi JOHNSON, Relator,

v.

METROPOLITAN MEDICAL CENTER, Department of Jobs and Training, Respondents.

No. C5–86–1173.

Court of Appeals of Minnesota.

Nov. 4, 1986.

---

Heidi Johnson, pro se.

Paul J. Zech, Tom Vogt, for Metropolitan Medical Center.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Asst. Atty. Gen., St. Paul, for Department of Jobs and Training.

Considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Relator Heidi Johnson appeals from an order of the Commissioner's representative dismissing as untimely her March 28, 1986 appeal from a November 18, 1985 decision by a Department referee. We affirm.

## FACTS

On May 27, 1984, Heidi Johnson was terminated from her nursing job at Metropolitan Medical Center as the result of a labor dispute between the parties' bargaining representatives, Health Employers Inc., and the Minnesota Nurses Association. Johnson applied for unemployment compensation and a claims deputy from the Department of Jobs and Training determined she was eligible for benefits. Metropolitan Medical Center appealed. On November 18, 1985 a Department referee reversed the claims deputy's decision, determining Johnson and approximately 1000 other nurses similarly situated had lost their jobs because of a labor dispute and were not entitled to receive benefits for the period of that dispute.

The referee's decision was mailed to the attorney who had represented the Minnesota Nurses Association and to all of the nurses involved. Seventeen nurses filed a timely appeal to the Commissioner's representative, who reversed the referee's decision and determined those seventeen nurses were entitled to receive unemployment compensation benefits during the period of the labor dispute. Johnson did not join in that appeal, and was therefore bound by the referee's decision.

On March 17, 1985, the Department mailed an overpayment notice to Johnson indicating, according to the referee's decision of November 1985, she had erroneously been paid benefits totaling $880 for the period of the labor dispute. The Department demanded repayment of those benefits. Johnson immediately filed an appeal to the Commissioner's representative from the referee's November 1985 decision, claiming she had never previously received notification of that decision. The Commissioner's representative dismissed Johnson's appeal as untimely.

## ISSUE

Did the Commissioner's representative properly dismiss Johnson's appeal as untimely?

## ANALYSIS

■ 1. Johnson's March 1986 appeal from the referee's November 1985 decision was clearly untimely. The relevant statute provides:

Within 30 days after mailing or personal delivery of the notice of a referee's decision to the claimant or employer at the last known address, a party may appeal from the decision and obtain a review of it by the commissioner or an authorized representative.

Minn.Stat. § 268.10, subd. 5 (1984). Subdivision 3 of that statute provides:

The referee's decision is deemed to be the final decision unless a further appeal is initiated pursuant to subdivision 5.

The statute requires the referee's decision to have been personally served upon Johnson or mailed to her last known address. The Commissioner's representative found:

The decision of the Referee was mailed to [Johnson] and [Johnson's] representative, and legal counsel retained by that representative.

Although the Commissioner's representative did not specifically find the notice was mailed to Johnson's last known address,

the record supports such finding. An affidavit of service signed by a Department employee states the referee's decision was mailed to all nurses involved; the address label for Johnson listed her address as: 586 Portland Avenue # 1, St. Paul, Minnesota 55102; and the decision was not returned to the Department. The March 1986 notice of overpayment was also mailed to the Portland address and was admittedly received by Johnson. Both documents were mailed to the Portland address, the last address given to the Department. Johnson does not claim the Portland address was incorrect, nor does she allege she provided the Department with a new address prior to the time the referee's decision was mailed to her, but her brief indicates she had moved three times since November 1984.

■ The statute requires an appeal from the referee's decision must be filed within 30 days after mailing, or the referee's decision is final. Minn.Stat. § 268.10, subds. 3, 5. The statute does not require actual notice for the appeal period to run. *See Grewe v. Commissioner of Economic Security*, 385 N.W.2d 894 (Minn.Ct.App.1986).

■ 2. Minnesota appellate courts have consistently held time limitations for appeals from all levels of the Department of Jobs and Training are jurisdictional and must be strictly construed. *See, e.g., King v. University of Minnesota*, 387 N.W.2d 675, 677 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Aug. 13, 1986), and cases cited therein. In *Cole v. Holiday Inns, Inc.*, 347 N.W.2d 72 (Minn.Ct.App.1984), this court said the time for appeal from a Department determination is absolute and there are no provisions for extensions or exceptions. Where an appeal is untimely, it must be dismissed for lack of jurisdiction.

## DECISION

The Commissioner's representative properly dismissed Johnson's appeal as untimely.

Affirmed.