The WHITE ELEPHANT, Relator,

v.

COMMISSIONER OF JOBS AND TRAINING, Respondent.

No. C4-91-577.

Court of Appeals of Minnesota.

Sept. 3, 1991.

David R. Michelson, Clure, Eaton, Butler, Michelson, Ferguson & Person, P.A., Duluth, for relator.

Hubert H. Humphrey, III, Atty. Gen., Steven B. Liss, Special Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by PETERSON, P.J., and FOLEY and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

The respondent Department of Jobs and Training determined that relator White Elephant acquired assets of a predecessor business and was therefore jointly and severally liable for the predecessor's debts to the Department. White Elephant filed an appeal from the determination. A Commissioner's representative determined the appeal was untimely and concluded that on the merits White Elephant was liable for its predecessor's debts. White Elephant obtained a writ of certiorari, seeking review of the Commissioner's decision. We reverse the Commissioner's conclusion that the appeal was untimely, but affirm the conclusion that White Elephant is liable for its predecessor's debts to the Department.

## FACTS

The dispute in this case involves tenants in a commercial building located in Duluth, Minnesota and owned by Duluth Marketplace, Inc. In August 1987, Duluth Marketplace leased the entire building to Madison Entertainment Corporation, d/b/a Sergio's, a Mexican bar, restaurant, and lounge.

Madison Entertainment was subsequently evicted for failing to pay rent. After the eviction, Duluth Marketplace's officers formed relator White Elephant. White Elephant began operating as a bar in July 1988, and used 25% of the building space. Ten former employees of Madison Entertainment were hired to work for White Elephant. There is some evidence that White Elephant purchased personal property and liquor from Madison Entertainment for approximately $34,500.

On April 20, 1989, the Department of Jobs and Training issued a notice to White Elephant stating that the Department considered White Elephant a "successor" of Madison Entertainment and therefore jointly and severally liable for Madison Entertainment's unpaid taxes to the Department. This notice was mailed to White Elephant at its correct address. White Elephant did not object to or appeal from the notice.

On February 2, 1990, the Department issued White Elephant a "Final Demand for Payment Before Notice of Tax Lien is Filed," indicating that White Elephant was responsible for Madison Entertainment's unpaid taxes to the Department in the amount of $3,438.56. An attorney for White Elephant immediately responded to this notice, claiming White Elephant should not be responsible for Madison Entertainment's debts. White Elephant filed an appeal with the Department on February 8, 1990.

A Department referee conducted a hearing on White Elephant's appeal, and received testimony from three witnesses. Each witness testified that he had never received the Department's April 20, 1989, notice that White Elephant was jointly and severally liable for Madison Entertainment's debts. The evidence suggested that a prior manager of White Elephant might have failed to deliver the Department notice to a responsible party.

Further, White Elephant's manager testified that he had mistakenly filled out a Department form stating that White Elephant had acquired 50% of its assets, excluding real estate, from Madison Entertainment. The manager testified that White Elephant had not purchased any assets from Madison Entertainment, but had purchased the assets from either Duluth Marketplace or its president. Duluth Marketplace's president and an attorney also testified that White Elephant did not purchase assets from Madison Entertainment.

Following the hearing, the referee determined that White Elephant's appeal should be dismissed because it was untimely. White Elephant appealed to a Commissioner's representative, who agreed that White Elephant's appeal was untimely. The Commissioner therefore upheld the initial determination that White Elephant should be jointly and severally responsible for Madison Entertainment's unpaid taxes to the Department.

Although the Commissioner's representative concluded he had no legal authority to consider the merits of the untimely appeal, he determined that "a comment regarding the debt liability is in order." He went on to state that White Elephant had paid $34,500 for assets, liquor inventory and personal property of Madison Entertainment. The Commissioner's representative therefore concluded that on the merits, White Elephant was jointly and severally liable for Madison Entertainment's unpaid taxes owed the Department.

## ISSUES

1. Did the Commissioner's representative err by concluding that White Elephant's appeal was untimely?

2. Is White Elephant jointly and severally liable for Madison Entertainment's debts to the Department?

## ANALYSIS

### I.

The Commissioner's representative concluded that White Elephant failed to timely

appeal from the Department's April 20, 1989, notice of liability for its predecessor's debts. The Commissioner relied upon the following statute:

Subd. 1. Any individual or organization, * * * which acquires all or part of the organization, trade, or business or all or part of the assets thereof from an employer, is jointly and severally liable, in an amount not to exceed the reasonable value of that part of the organization, trade, or business or assets acquired, for the contributions due and unpaid by the employer.

Minn.Stat. § 268.162, subd. 1 (Supp. 1989).

Subd. 2. An official, designated by the commissioner, * * * shall determine the reasonable value of the organization, trade, or business or assets acquired by the successor based on available information. The determination shall be final unless the successor, within 30 days after the mailing of notice of the determination to the successor's last known address, files a written appeal from it. Any appeals of a determination under this subdivision shall be conducted in the same manner as an appeal under section 268.12, subdivision 13.

Minn.Stat. § 268.162, subd. 2 (1988).

The above statute specifically states that a successor has 30 days to appeal from a determination regarding the reasonable value of a predecessor's organization, trade, or business. The statute does not specifically provide a time limit from which a successor must appeal from an initial determination that it is jointly and severally liable for contributions due and unpaid by a predecessor. Nevertheless, the Commissioner's representative applied the 30-day appeal period to that determination.

■ We have consistently held that statutory appeal periods must be strictly construed against those who file untimely appeals. *See, e.g., Cole v. Holiday Inns, Inc.,* 347 N.W.2d 72 (Minn.App.1984); *Grewe v. Comm'r of Economic Security,* 385 N.W.2d 894 (Minn.App.1986). Likewise, the absence of a specific appeal period in a statute must be strictly construed against the Department. Here, the Commissioner erred by concluding the 30-day appeal period was applicable to the Department's April 20 notice.

■ We note that the Department's "Final Demand for Payment," dated February 2, 1990, determined that White Elephant was responsible for Madison Entertainment's unpaid taxes to the Department in the amount of $3,438.56. This notice more closely parallels the determination contemplated by Minn.Stat. § 268.162, subd. 2, which activates the 30-day appeal period. We conclude White Elephant's appeal from that determination was timely.

## II.

Although the Commissioner concluded that White Elephant's appeal was untimely, the Commissioner went on to consider the merits of White Elephant's appeal, and found that White Elephant had paid $34,500 for assets, liquor inventory, and personal property of Madison Entertainment.

■ This court will review the Commissioner's factual findings in the light most favorable to the Commissioner's decision, and will not disturb the findings if there is evidence reasonably tending to sustain them. *Ress v. Abbott Northwestern Hosp., Inc.,* 448 N.W.2d 519, 523 (Minn. 1989). Here, a Department form signed by White Elephant's manager supports the Commissioner's finding that White Elephant had acquired from Madison Entertainment certain assets, inventory, and personal property. It is not our function to reweigh the evidence to determine where the preponderance lies. *Nyberg v. R.N. Cardozo & Bro., Inc.,* 243 Minn. 361, 364, 67 N.W.2d 821, 823 (1954). The Commissioner's conclusion that White Elephant was liable for Madison Entertainment's debts to the Department is affirmed.

## DECISION

The Commissioner erred by concluding relator's appeal was untimely. We affirm the Commissioner's findings and conclusion that, as a result of the purchase of its predecessor's assets, inventory, and per-

sonal property, White Elephant is liable for its predecessor's unpaid debts to the Department.

Reversed in part and affirmed in part.