**MANAGEMENT FIVE, INC., d/b/a
Inver Grove Ford, Relator,**

v.

**COMMISSIONER OF JOBS AND
TRAINING, Respondent.**

**No. C8–91–2283.**

Court of Appeals of Minnesota.

May 12, 1992.

James E. LaFave, St. Paul, for relator.

Philip J. Franklin, Kent E. Todd, St. Paul, for respondent.

Considered and decided by KALITOWSKI, P.J., and LANSING and SCHUMACHER, JJ.

## OPINION

KALITOWSKI, Judge.

A Commissioner's representative with the Department of Jobs and Training determined that relator's appeal from a referee decision was untimely and therefore must be dismissed for lack of jurisdiction. Relator has obtained a writ of certiorari, seeking review of the Commissioner's representative's decision.

## FACTS

In September 1990, relator purchased the assets of Bob Carter Ford and commenced business as Management Five, d/b/a Inver Grove Ford. Relator continued the same place of business as Bob Carter Ford: 4725 South Robert Trail, Inver Grove Heights, MN 55077.

In December 1990, the Department mailed to relator a 1991 Tax Rate Notice. The notice was based upon a prior determination that Bob Carter Ford's experience rating would be transferred to relator. Relator filed a protest of the 1991 tax rate, claiming, in part, that relator should not be responsible for the experience rating of Bob Carter Ford. The Department affirmed the tax rate and relator appealed to a referee. Following a hearing, the referee issued findings of fact and a decision affirming relator's 1991 tax rate.

The referee's decision on its face stated that it was filed and mailed on July 19, 1991. The address listed for relator on the

first page of the referee's decision was 4725 South Robert Trail, Inver Grove Heights, MN 55077. A Department employee attached a statement to the referee's decision, certifying that she served the decision on the parties by mail on July 19, 1991.

On October 12, 1991, relator's attorney filed a letter with the Department, stating:

Contrary to the mailing date on the Notice, the Notice of Findings of Fact and Decision were not received by the employer, Inver Grove Ford, or myself, attorney for the employer. It was only after the employer requested a status on the decision did we receive a copy of the Findings of Fact and Decision.

Attached to the October 12 letter were affidavits by relator's attorney and relator's general manager. The letter also indicated that relator was appealing the referee's decision.

On October 18, 1991, a Commissioner's representative issued an order dismissing relator's appeal for lack of jurisdiction. The order stated that the referee's decision was mailed to all interested parties on July 19, 1991, and that relator's October 12, 1991, letter therefore was not filed within the statutory 30–day time for appeal. Relator has obtained a writ of certiorari from this court, seeking review of the Commissioner's representative's decision.

## ISSUE

Did the Commissioner's representative err by dismissing relator's appeal as untimely?

## ANALYSIS

Within 30 days after mailing or personal delivery of the notice of a referee's decision to the claimant or employer at the last known address, a party may appeal from the decision and obtain a review of it by the commissioner or an authorized representative.

Minn.Stat. § 268.10, subd. 5 (1990); see Minn.Stat. § 268.06, subd. 20 (1990). The 30–day time limit is jurisdictional, and must be strictly construed; "the time for appeal from a Department determination is absolute and there are no provisions for extensions or exceptions." *Johnson v. Metropolitan Medical Ctr.*, 395 N.W.2d 380, 382 (Minn.App.1986).

It is the date of mailing that commences the 30–day time for appeal. Therefore, if a referee's determination has not been mailed, the time for appeal cannot begin to run.

In this case, whether or not the referee's decision was mailed to relator is disputed. Relator's contention that the referee's decision was not mailed on July 19, 1991, is supported by the affidavits submitted by relator's general manager and relator's attorney, who both state that they never received the referee's decision. Both the referee's decision and a written statement of a Department employee indicate that the decision was mailed on July 19, 1991. Without conducting a fact-finding inquiry into this dispute, the Commissioner's representative summarily concluded that the referee's decision was mailed on July 19, 1991.

The Commissioner's representative in his decision cited *Johnson*, wherein this court stated:

The statute requires an appeal from the referee's decision must be filed within 30 days after mailing, or the referee's decision is final. Minn.Stat. § 268.10, subds. 3, 5. The statute does not require actual notice for the appeal period to run.

*Johnson*, 395 N.W.2d at 382 (citing *Grewe v. Commissioner of Economic Sec.*, 385 N.W.2d 894 (Minn.App.1986)); *see also Jackson v. Minnesota Dep't of Manpower Servs.*, 296 Minn. 500, 501, 207 N.W.2d 62, 63 (1973) (time for appeal begins when Department decision is mailed, not when it is received). In *Grewe* and *Johnson* this court held that it is the mailing of the notice rather than actual receipt of the notice that triggers the appeal period. However, neither *Grewe* nor *Johnson* stands for the proposition that the issue of mailing should be determined without a factual inquiry.

In *Department of Employment Sec. v. Minnesota Drug Prods., Inc.*, 258 Minn.

133, 104 N.W.2d 640 (1960), the supreme court found the evidence insufficient to support the Commissioner's finding that a claims deputy's determination was actually mailed to the relator. The court noted:

> Under such circumstances [where the employer submitted conflicting evidence] the evidence proffered by the commissioner is not sufficient to support a finding that the notice of determination was, in fact, duly mailed to the last known address of the relator on October 9, 1958. The matter must be remanded for the purpose of taking further evidence and making appropriate findings pertaining to the mailing of the notice.

*Id.* at 137, 104 N.W.2d at 644.

In the present case, similarly, relator submitted evidence that the referee's decision was not mailed. We reject as form over substance the Department's contention that on appeal relator should not be allowed to claim a failure to *mail* where below relator only argued that it never *received* the July 19, 1991, decision.

Thus, we conclude relator should have been afforded an opportunity to present evidence and have this factual issue resolved. We recognize that the Department is frequently confronted with claims, some of which are frivolous, that documents were never mailed. However, where evidence of a failure to mail is presented, the Department cannot summarily dismiss the claim without conducting a factual inquiry to distinguish the meritorious claims from the frivolous.

## DECISION

The Commissioner's representative erred by summarily concluding that relator's appeal from the referee's decision was untimely in the absence of a factual inquiry as to whether the referee's decision was mailed to relator.

Reversed and remanded.