**Gene E. CURTIS, Appellant,**

v.

**OTTER TAIL COUNTY BOARD OF ADJUSTMENT, Respondent.**

No. C7–89–1609.

Court of Appeals of Minnesota.

May 8, 1990.

Paul Nycklemoe, Nycklemoe, Ellig & Hagstrom, Fergus Falls, for appellant.

Waldemar B. Senyk, Otter Tail County Atty., Fergus Falls, for respondent.

Considered and decided by KALITOWSKI, P.J., and CRIPPEN and GARDEBRING, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Gene Curtis applied for a variance from the Otter Tail County Shoreland Management Ordinance. The Otter Tail County Board of Adjustment granted Curtis a limited variance.

Curtis filed a timely notice of appeal to the district court pursuant to Minn.Stat. § 394.27, subd. 9 (1988) which the trial court dismissed for lack of jurisdiction because Curtis failed to serve and file a summons with the notice of appeal. Curtis appeals the dismissal.

### FACTS

Gene Curtis applied for a variance from the Otter Tail County Shoreland Management Ordinance and was granted a limited setback variance by the Otter Tail County Board of Adjustment. Curtis appealed the Board's decision pursuant to Minn.Stat. § 394.27, subd. 9 by filing a notice of appeal in district court with the proper filing fee. Respondent was served with the notice of appeal. Several days before the scheduled hearing on Curtis' appeal, respondent moved for dismissal. The trial court issued findings of fact, conclusions of law and an order for dismissal determining that it lacked jurisdiction because Curtis failed to serve and file a summons with the notice of appeal.

### ISSUE

Does an appeal from a decision of a county board of adjustment to the district court pursuant to Minn.Stat. § 394.27, subd. 9 require appellant to commence an action by service of summons as well as

filing and serving a proper notice of appeal within 30 days?

## ANALYSIS

Minn.Stat. § 394.27, subd. 9 (1988) provides:

> All decisions by the board of adjustment in granting variances or in hearing appeals from any administrative order, requirement, decision or determination shall be final except that any aggrieved person or persons, or .any department, board or commission of the jurisdiction or of the state shall have the right to appeal within 30 days, after receipt of notice of the decision, to the district court in the county in which the land is located on questions of law and fact.

Although this statute provides a right to appeal to the district court from a decision of the board of adjustment, it does not specify the method by which the appeal is to be perfected.

The respondent argues that where the statute provides no mechanism to perfect an appeal to the district court, the Minnesota Rules of Civil Procedure must be followed. The trial court agreed with respondent's interpretation and concluded as a matter of law that an appeal from an administrative agency decision to the district court is a civil action within the scope of the Minnesota Rules of Civil Procedure.

However, we note that the Minnesota Rules of Civil Procedure do not specifically require that a summons be filed with a notice of appeal to perfect an appeal to district court. Further, we find the rules of civil procedure do not apply to the procedures used to appeal a decision from a county board of adjustment to the district court. The trial court applied rule 3.01 which governs the commencement of a civil action. However, appellant was not "commencing" an action but was seeking review of a decision in an ongoing case.

Moreover, the rules of civil procedure do not apply to those cases specifically exempted in rule 81. Minn.R.Civ.P. 1. Rule 81 governs appeals to district court and states that the rules are not intended to supersede the provisions of statutes relating to appeals to the district courts.

This court has dismissed appeals on the basis of a jurisdictional defect. We have found that failure to pay the required filing fee within the time for appeal will allow the court to dismiss the appeal. *Heinsch v. Lot 27, Block 1 For's Beach*, 399 N.W.2d 107, 109 (Minn.App.1987). Appeals have also been dismissed for the failure to appeal within the required time period. *See County of Ramsey v. Minnesota Public Utilities Commission*, 345 N.W.2d 740 (Minn.1984); *Fish Hook Association, Inc. v. Grover Brothers Partnership*, 417 N.W.2d 692 (Minn.App.1988). None of these cases support the need for a summons to accompany a notice of appeal to the district court. The failure to serve and file a summons with the notice of appeal is not a jurisdictional defect.

## DECISION

The trial court erred in dismissing Curtis' appeal from a decision of a county board of adjustment on the basis that a summons must accompany the notice of appeal to the district court.

Reversed and remanded.