**Robert B. ANDSTROM, Relator,**

v.

**WILLMAR REGIONAL TREATMENT CENTER, Commissioner of Jobs and Training, Respondents.**

No. C0–93–1388.

Court of Appeals of Minnesota.

Feb. 15, 1994.

Charles A. Krekelberg, Williams, Nitz, Krekelberg, Sorkness & Seeger, Pelican Rapids, for relator.

Willmar Regional Treatment Center, pro se.

Kent E. Todd, St. Paul, for Com'r of Jobs and Training.

Considered and decided by ANDERSON, C.J., and KLAPHAKE and PETERSON, JJ.

## OPINION

PETERSON, Judge.

A Commissioner's representative determined relator Robert B. Andstrom's appeal from the Department of Jobs and Training's denial of his claim for unemployment benefits was untimely. Claiming his adjudication as chemically dependent tolled the applicable limitations period, Andstrom filed a certiorari appeal, seeking review of the Commissioner's representative's decision. We affirm.

## FACTS

Relator Robert B. Andstrom resigned from his employment with respondent Willmar Regional Treatment Center on December 1, 1992. On December 12, 1992, he was admitted to Lake Region Hospital with acute delirium tremens resulting from alcoholism. Following a hearing on December 17, 1992, the district court adjudicated Andstrom

chemically dependent and ordered him involuntarily committed for treatment.

On December 19, 1992, the Department of Jobs and Training denied Andstrom's claim for unemployment benefits. The same day, the Department mailed the decision to Andstrom's last-known address.

Andstrom remained at the treatment center until about February 11, 1993. On February 11, 1993, he filed an appeal from the Department's December 19, 1992 decision. Following an evidentiary hearing, a Department referee dismissed Andstrom's appeal as untimely. The Commissioner's representative affirmed the referee's decision.

### ISSUE

Did Andstrom's adjudication as chemically dependent toll the limitations period for filing an appeal from the denial of his claim for unemployment benefits?

### ANALYSIS

Minn.Stat. § 268.10, subd. 2(3) (1992) provides:

> A determination issued pursuant to clauses (1) and (2) [regarding the validity of a claim for unemployment benefits] shall be final unless an appeal therefrom is filed by a claimant or employer within 15 days after the mailing of the notice of the determination to the last known address.

The time limit for appealing from a Department determination "is jurisdictional and must be strictly construed." *Management Five, Inc. v. Commissioner of Jobs & Training*, 485 N.W.2d 323, 324 (Minn.App.1992).

> There is no provision for extension or exceptions to the 15 day appeal period. The statutory time for an appeal from a department determination is absolute.

*Cole v. Holiday Inns, Inc.*, 347 N.W.2d 72, 73 (Minn.App.1984).

It is undisputed that notice of the denial of Andstrom's claim for unemployment benefits was mailed to Andstrom's last-known address. *See Management Five*, 485 N.W.2d at 324 (mailing notice triggers limitations period for appeal from unemployment claim). Andstrom argues that the limitations period should be tolled because the adjudication of

chemical dependency for purposes of commitment was a determination of legal incompetency.

The district court's decision to commit Andstrom included a determination that Andstrom was not capable of managing his own affairs. *See* Minn.Stat. § 253B.02, subd. 2 (1992) (chemically dependent person means person determined to be "incapable of self-management or management of personal affairs" due to "habitual and excessive use of alcohol or drugs"). The commitment decision, however, was not a determination of legal incompetency.

The decision to commit a person is distinct from the determination that a person is legally incompetent.

> [N]o person by reason of commitment or treatment pursuant to this chapter shall be deprived of any legal right, including but not limited to the right to dispose of property, sue and be sued, execute instruments, make purchases, enter into contractual relationships, vote, and hold a driver's license. Commitment or treatment of any patient pursuant to this chapter is not a judicial determination of legal incompetency except to the extent provided in section 253B.03, subdivision 6.

Minn.Stat. § 253B.23, subd. 2(a) (1992). Minn.Stat. § 253B.03, subd. 6(c) (1992) allows the head of a treatment facility to obtain consent for necessary treatment for a committed patient from the patient's relative

> [i]f the head of the treatment facility determines that the patient is not competent to consent to the treatment and the patient has not been adjudicated incompetent.

Both statutes require separate determinations regarding commitment and competency. *Id.;* Minn.Stat. § 253B.23, subd. 2(a).

Given the express statutory provisions to the contrary, we reject Andstrom's argument that the adjudication of chemical dependency for purposes of commitment was a determination of legal incompetency. Because the adjudication of chemical dependency was not a determination of legal incompetency, we do not reach the issue of the effect of legal

incompetency on the limitations period in Minn.Stat. § 268.10, subd. 2(3).

## DECISION

An adjudication of chemical dependency for commitment purposes is not a determination of legal incompetency. The Commissioner's representative properly ordered Andstrom's appeal from the denial of his claim for unemployment benefits dismissed as untimely.

**Affirmed.**