In re Application of SKYLINE
MATERIALS, LTD. for
Zoning Variance.

No. A11–2030.

Court of Appeals of Minnesota.

July 30, 2012.

Jay T. Squires, Ratwik, Roszak & Malo-
ney, P.A., Minneapolis, MN, for appellant
Houston County.

Gregory Schultz, Gregory Schultz Law
Office, Caledonia, MN, for respondents Mi-
chael Fields, Diane Fields.

Considered and decided by ROSS,
Presiding Judge; WRIGHT, Judge; and
COLLINS, Judge.*

## OPINION

WRIGHT, Judge.

Appellant county appeals the district
court's denial of its motion to dismiss for

lack of subject-matter jurisdiction, arguing that respondents did not perfect their appeal within the 30–day statutory period because respondents served their notice of appeal on the wrong parties. We affirm.

## FACTS

Skyline Materials, Ltd. owns a rock quarry adjacent to property owned by respondents Michael and Diane Fields. Skyline applied to appellant Houston County (the county) for a variance from the setback requirements of the county zoning ordinance. Following a hearing on that application, the county's board of adjustment (the board) granted Skyline a setback variance. Respondents received a written copy of the board's decision on April 4, 2011.

On April 8, 2011, respondents appealed the board's decision pursuant to Minn.Stat. § 394.27, subd. 9 (2010). They filed a notice of appeal in district court and served the notice of appeal on the county zoning office and the county attorney. On June 3, 2011, the county moved to dismiss under Minn. R. Civ. P. 12.02, arguing that the district court lacked subject-matter jurisdiction because respondents failed to serve the notice of appeal on the proper party within the 30–day statutory period for appealing a decision of a county board of adjustment. Specifically, the county argued that respondents were required to serve the notice of appeal on either the chair of the county board or the county auditor, as is required when serving a summons at the commencement of an action pursuant to Minn. R. Civ. P. 4.03(e)(1).

The district court denied the county's motion, holding that an appeal of a decision of a county board of adjustment is an ongoing action rather than the commencement of a new action. Therefore, Minn. R. Civ. P. 5.02, which requires a party to serve papers after the original complaint on an adverse party's attorney, applies. Because respondents served the notice of appeal on the county attorney, the district court concluded that respondents complied with the procedural requirements of rule 5.02 and perfected their appeal within the 30–day statutory period. This appeal followed.

## ISSUE

When an aggrieved party appeals a decision of a county board of adjustment to a district court pursuant to Minn.Stat. § 394.27, subd. 9, on whom must the aggrieved party serve a notice of appeal?

## ANALYSIS

The district court denied the county's motion to dismiss for lack of subject-matter jurisdiction over this matter. Challenging this decision, the county argues that respondents did not perfect their appeal within the 30–day statutory period because they served their notice of appeal on the wrong parties. *See Marzitelli v. City of Little Canada,* 582 N.W.2d 904, 906–07 (Minn.1998) (observing that failure to perfect appeal to district court within prescribed statutory period deprives district court of subject-matter jurisdiction). When reviewing a district court's decision on a motion to dismiss under Minn. R. Civ. P. 12.02, we construe all factual allegations and inferences in favor of the nonmoving party. *See Krueger v. Zeman Constr. Co.,* 781 N.W.2d 858, 861 (Minn.2010). Whether service of process was effective presents a question of law, which we review de novo. *Roehrdanz v. Brill,* 682 N.W.2d 626, 629 (Minn.2004).

■ Respondents appealed the county's zoning-variance decision pursuant to Minn. Stat. § 394.27, subd. 9, which provides:

All decisions by the board of adjustment in granting variances or in hearing ap-

peals from any administrative order, requirement, decision, or determination shall be final except that any aggrieved person or persons, or any department, board or commission of the jurisdiction or of the state shall have the right to appeal within 30 days, after receipt of notice of the decision, to the district court in the county in which the land is located on questions of law and fact. "Where jurisdiction over certain subject matter is conferred upon a [district] court and no procedure is provided by the statute, the [district] court will proceed under its general powers and adopt such procedure as is necessary to enable it to exercise and make effective the jurisdiction thus granted." *Oronoco Sch. Dist. v. Town of Oronoco,* 170 Minn. 49, 52, 212 N.W. 8, 9 (1927) (involving appeal to district court from county commissioners). The Minnesota Rules of Civil Procedure govern the procedure followed in district courts except, "insofar as they are inconsistent or in conflict with the rules," in certain proceedings identified in Appendix A of the rules. Minn. R. Civ. P. 1, 81.01(a). Appeals of decisions rendered by a county board of adjustment are not among the proceedings identified in Appendix A. Minn. R. Civ. P.App. A. The rules provide only that "[t]hese rules do not *supersede* the provisions of statutes relating to appeals to the district courts." Minn. R. Civ. P. 81.02 (emphasis added). Because Minn.Stat. § 394.27, subd. 9, does not specify the procedure by which a notice of appeal is to be served, the district court's application of the Minnesota Rules of Civil Procedure is consistent with Minnesota law and the rules. We look to those rules to determine the procedure by which an aggrieved party must file a notice of appeal pursuant to Minn.Stat. § 394.27, subd. 9.

The parties disagree as to which service-of-process rule applies to an appeal of a decision rendered by a county board of adjustment. Rule 4.03(e)(1) provides that, when a county is a party to an action, the summons must be served on either the chair of the county board or the county auditor. Minn. R. Civ. P. 4.03(e)(1). Conversely, rules 5.01 and 5.02 provide that "every pleading subsequent to the original complaint ... and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties" and "service shall be made upon the [party's] attorney unless service upon the party is ordered by the [district] court." Minn. R. Civ. P. 5.01, 5.02. Here, the district court applied rule 5.02 because it concluded that respondents' appeal is an ongoing action rather than the commencement of a new action.

█ The county asserts that a notice of appeal must be served in the manner prescribed by rule 4.03(e)(1). But rule 4.03(e)(1) governs the service of a summons, not the service of a notice of appeal. Minn. R. Civ. P. 4.03(e)(1). A party need not file a summons when appealing a zoning-variance decision, rendered by a county board of adjustment, to a district court. *Curtis v. Otter Tail Cnty. Bd. of Adjustment,* 455 N.W.2d 86, 87 (Minn.App.1990). In *Curtis,* we observed that the rules governing the commencement of a civil action are not applicable to an appeal from a decision rendered by a county board of adjustment because such an appeal seeks "review of a decision in an ongoing case." *Id.* We are mindful that the precise issue in *Curtis* involved the necessity of a summons and not, as here, the appropriate party on whom to serve a notice of appeal. But our holding in *Curtis* relied in part on our conclusion that a notice of appeal does not commence a new action. *Id.*

Moreover, the procedural posture in which this matter arrived at the district court—namely, as an *appeal*—belies the county's assertion that respondents' appeal commenced a new action. Accepting respondents' factual allegations as true, as we must, the record reflects that the board gathered evidence, created a record, and rendered a decision before this matter reached the district court. *See Krueger,* 781 N.W.2d at 861 (recognizing that appellate courts must accept allegations of non-moving party as true when reviewing district court's decision on motion to dismiss). In doing so, the board heard presentations by the public and interested parties, including respondents. And respondents personally were served with the board's subsequent decision.

The county relies on *Landgren v. Pipestone Cnty. Bd. of Comm'rs,* in which a county sheriff appealed a county board's budget resolution to the district court. 633 N.W.2d 875, 876 (Minn.App.2001). The question before us in *Landgren* was whether the sheriff, who was a party to the appeal, could personally serve the notice of appeal. *Id.* at 877. We concluded that service of the notice of appeal by the sheriff was ineffective under Minn. R. Civ. P. 4.02, which prohibits a party to the action from serving a summons or other process. *Id.* at 877–78. In doing so, we assumed that the matter was governed by the Minnesota Rules of Civil Procedure addressing the "initiation of an action," and implicitly assumed that a notice of appeal is analogous to a summons or other process and therefore is governed by rule 4.02. *Id.* at 877. Although these assumptions were necessary to reach our conclusion in *Landgren,* the issue before us here—whether filing a notice of appeal commences an action in the district court—was not before us in *Landgren.* *See Skelly Oil Co. v. Comm'r of Taxation,* 269 Minn. 351, 371, 131 N.W.2d 632, 645 (1964) (stating that " 'the language used in an opinion must be read in the light of the issues presented' " (quoting *Sinclair v. United States,* 279 U.S. 749, 767, 49 S.Ct. 471, 477, 73 L.Ed. 938 (1929))); *Stageberg v. Stageberg,* 695 N.W.2d 609, 613 n. 2 (Minn.App.2005) (applying *Skelly Oil Co.*), *review denied* (Minn. July 19, 2005).

In *Landgren,* the sheriff appealed to the district court pursuant to Minn.Stat. § 387.20, subd. 7 (2000), which provides a procedure for taking an appeal "by serving a notice of appeal on the county auditor." Minn.Stat. § 387.20, subd. 7; *accord Landgren,* 633 N.W.2d at 876–77. This statutory procedure is not inconsistent with Minn. R. Civ. P. 4.03(e)(1), which requires the service of a summons on the county auditor or the chair of the county board at the commencement of an action. Had we not applied the rules governing the service of a summons at the commencement of an action in *Landgren,* our holding would have improperly permitted an inconsistent rule to supersede the statutory procedure. *See* Minn. R. Civ. P. 81.02 (providing that the Minnesota Rules of Civil Procedure cannot supersede statutory provisions relating to appeals to district court). We distinguish *Landgren* from this case because the statute governing respondents' appeal of the board's decision does not define the procedure for serving a notice of appeal. *See* Minn.Stat. § 394.27, subd. 9. Unlike the appeal in *Landgren,* we do not confront a potential inconsistency between the statute and the rules. Rather, we are guided by our conclusion in *Curtis* that filing a notice of appeal of a decision by a county board of adjustment to a district court, pursuant to Minn.Stat. § 394.27, subd. 9, does not commence a new action.

■ Because we conclude that the notice of appeal filed in this case is not akin

to a summons and does not commence a new action, the notice of appeal is more aptly governed by rules 5.01 and 5.02, which require a party to serve papers filed subsequent to the original complaint on a party's attorney, unless service on the party is ordered by the district court. Minn. R. Civ. P. 5.01, 5.02. The district court did not err by applying rule 5.02 because doing so was consistent with the rules and "necessary to enable [the district court] to exercise and make effective the jurisdiction" granted to it by statute. *Oronoco Sch. Dist.*, 170 Minn. at 52, 212 N.W. at 9.

Respondents perfected their appeal by serving the county attorney within the 30–day statutory period. Therefore, the district court properly denied the county's motion to dismiss for lack of subject-matter jurisdiction.

## DECISION

When an aggrieved party appeals a decision of a county board of adjustment to a district court pursuant to Minn.Stat. § 394.27, subd. 9, the appeal is part of an ongoing action rather than the commencement of a new action. Therefore, the aggrieved party must serve its notice of appeal as prescribed by Minn. R. Civ. P. 5.01 and 5.02, which provide that papers filed subsequent to the original complaint must be served on a represented party's attorney unless service on the party is ordered by the district court. Respondents timely served their notice of appeal on the county attorney, and the district court's decision to deny the county's motion to dismiss is legally sound.

**Affirmed.**