Douglas Willey ELBERT, et al., Appellants,

v.

Dean TLAM, et al., Respondents.

No. A12–1960.

Court of Appeals of Minnesota.

April 29, 2013.

Philip Jay Elbert, Fairmont, MN, for appellants.

Scott T. Anderson, Ana Christine Kaschinske, Rupp, Anderson, Squires & Waldspurger, P.A., Minneapolis, MN, for respondents.

Considered and decided by RODENBERG, Presiding Judge; LARKIN, Judge; and HARTEN, Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

LARKIN, Judge.

Appellants challenge the district court's jurisdictional dismissal of their appeal under Minn.Stat. § 394.27, subd. 9. Because appellants failed to timely serve notice of appeal, the district court correctly concluded that it could not exercise jurisdiction. We therefore affirm.

## FACTS

On March 27, 2012, respondent Martin County Board of Adjustment[1] granted a variance allowing a company to build hog-production facilities in Martin County. Appellants Douglas and Janice Elbert own property near the proposed hog-production site and were provided notice of the variance on or about March 29. On April 20, appellants petitioned the district court for a writ of mandamus, asserting that the county board improperly granted the variance.

The district court liberally construed appellants' "Petition for Writ of Mandamus as also raising an appeal to the District Court" under Minn.Stat. § 394.27, subd. 9. But the district court dismissed the appeal for lack of subject-matter jurisdiction, concluding that it lacked "jurisdiction over the subject matter" because appellants failed to timely serve notice of appeal. Appellants challenge the district court's dismissal of their statutory appeal.

## ISSUE

To perfect an appeal to the district court under Minn.Stat. § 394.27, subd. 9, must the appealing party serve notice of appeal on the adverse party or parties within the 30–day time period set forth in the statute?

## ANALYSIS

This case raises the question of whether notice of appeal must be served within the time period set forth in Minn.Stat. § 394.27, subd. 9, to perfect an appeal.[2] The statute provides a right of appeal to the district court as follows:

> All decisions by the board of adjustment in granting variances or in hearing appeals from any administrative order, requirement, decision, or determination shall be final except that any aggrieved person or persons, or any department, board or commission of the jurisdiction or of the state shall have the right to appeal within 30 days, after receipt of notice of the decision, to the district court in the county in which the land is located on questions of law and fact.

Minn.Stat. § 394.27, subd. 9.

Although appellants filed their appeal to the district court within the 30–day time period set forth in section 394.27, subdivision 9, they did not serve notice of appeal. The district court therefore concluded that it lacked "jurisdiction over the subject matter," because appellants "failed to serve the appeal of the decision of the Martin County Board of Adjustment on the Martin County Attorney within the 30 day time period. Thus, [appellants] did not properly appeal and cannot timely appeal because the 30 [day] time period has elapsed."

Appellants contend that the district court erred, arguing that their failure to

1. Dean Tlam, a named respondent, is chairperson of the Martin County Board of Adjustment.

2. Because the district court construed appellants' petition for writ of mandamus as an appeal under section 394.27 and there is no dispute that appellants had a right of appeal under subdivision 9 of the statute, we also treat the underlying action as an appeal under section 394.27.

serve notice of appeal did not divest the district court of "subject-matter" jurisdiction. They argue that "[b]ecause Minn. Stat. [§] 394.27[,] [s]ubd. 9[,] contains no additional service requirements, filing of the appeal (within the timeline) confers onto the district court subject matter jurisdiction and any failure of service leads only to a lack of personal jurisdiction."

Although the district court labeled its jurisdictional dismissal as one regarding "subject matter," the district court's reasoning shows that the dismissal actually was based on a procedural jurisdictional defect. This court has previously explained the distinction between subject-matter jurisdiction and other incurable, procedural jurisdictional defects as follows:

> Subject-matter jurisdiction is a court's power to hear and determine cases of the general class or category to which the proceedings in question belong. . . .

> Minnesota caselaw has also applied subject-matter-jurisdiction analysis to judgments that do not specifically relate to a class or category of cases, but instead exceed statutory authority, contain procedural irregularities, or are entered erroneously after the expiration of a time period. . . .

> In some of these cases, the finding of lack of subject-matter jurisdiction is based on an incurable jurisdictional defect, but not necessarily subject-matter jurisdiction. For example, in *Andstrom v. Willmar Regional Treatment Ctr.*, 512 N.W.2d 117 (Minn.App.1994) we held that a time limitation for appealing an agency decision "is *jurisdictional* and is to be strictly construed." 512 N.W.2d 117, 118 (Minn.App.1994) (emphasis added) (quoting *Management Five, Inc. v. Commissioner of Jobs & Training*, 485 N.W.2d 323, 324 (Minn.App.1992)); *see also Flame Bar, Inc. v. City of Minneapolis*, 295 N.W.2d 586 (Minn.1980)

(strictly construing time limitation). *Andstrom* and *Flame Bar* implicate the procedural exercise of jurisdiction, but not subject-matter jurisdiction in its strict application.

> . . . .

> . . . A court may very well have the subject-matter jurisdiction to adjudicate the case, but rules of procedure or statutes of repose prevent the exercise of the jurisdiction.

*Bode v. Minn. Dep't of Natural Res.*, 594 N.W.2d 257, 259–60 (Minn.App.1999) (quotation omitted), *aff'd*, 612 N.W.2d 862 (Minn.2000).

Because section 394.27, subdivision 9, empowers the district court to hear the underlying appeal, the district court had subject-matter jurisdiction "in its strict application." *See id.* at 260. But regardless of the label used by the district court, the district court's dismissal was based on a procedural jurisdictional defect: failure to perfect the appeal by serving notice of appeal within the 30–day time period set forth in section 394.27, subdivision 9. *See State v. Barrett*, 694 N.W.2d 783, 788 (Minn.2005) ("When an appeal is not perfected, the failure to abide by the governing rules of procedure deprives the reviewing court of jurisdiction to hear the appeal."). We therefore review the dismissal in that context and address whether the district court erred by determining that it could not exercise jurisdiction because appellants did not perfect their appeal by timely serving notice of appeal. The issue presents a question of law that we review de novo. *See id.* at 785 ("Because jurisdiction is a question of law, our standard of review is de novo.").

■ "Although [section 394.27] provides a right to appeal to the district court from a decision of the board of adjustment, it does not specify the method by which the

appeal is to be perfected." *Curtis v. Otter Tail Cnty. Bd. of Adjustment*, 455 N.W.2d 86, 87 (Minn.App.1990). This court has issued several decisions addressing the requirements necessary to perfect an appeal under section 394.27. For example, in *Heinsch v. Lot 27*, this court held that a party must pay the required district court filing fee within the statutory appellate period to preserve an appeal under section 394.27, subdivision. 9. 399 N.W.2d 107, 109 (Minn.App.1987). In *Graham v. Itasca Cnty. Planning Comm'n*, this court held that Minn.Stat. § 394.27, subd. 9, requires "written notice of a board of adjustment's variance decision to commence the running of the 30–day limitations period for appeal." 601 N.W.2d 461, 464 (Minn.App. 1999).

This court has also decided issues related to service of notice of appeal under section 394.27. In *Curtis*, this court considered whether an appeal "pursuant to Minn.Stat. § 394.27, subd. 9 require[d] appellant to commence an action by service of summons as well as filing and serving a proper notice of appeal within 30 days." 455 N.W.2d at 86–87. This court held that because an appeal of a decision under section 394.27 is not the "commencement of an action," the appealing party need not serve a summons. *Id.* More recently, in *In re Skyline Materials, Ltd.*, this court determined that an appeal under section 394.27 "is an ongoing action rather than the commencement of a new action," and that "[t]herefore, the aggrieved party must serve its notice of appeal as prescribed by Minnesota Rules of Civil Procedure 5.01 and 5.02, which provide that papers filed after the original complaint must be served on a represented party's attorney unless service on the party is ordered by the district court." 819 N.W.2d 183, 183 (Minn.App.2012), *review granted* (Minn. Oct. 16, 2012).

■ This court's decisions in *Curtis* and *Skyline* imply, without expressly holding, that notice of appeal under section 394.27, subdivision 9, must be served within the 30–day appellate time frame to perfect an appeal. *See id.* at 187 ("Respondents perfected their appeal by serving the county attorney within the 30–day statutory period."); *Curtis*, 455 N.W.2d at 86–87 (considering whether section 394.27, subdivision 9, requires the appealing party to "commence an action by service of summons as well as filing and serving a proper notice of appeal within 30 days"). But unlike this case, the need for service of notice of appeal and the timing of such notice was not disputed in *Skyline* or *Curtis*. *See Skyline*, 819 N.W.2d at 183–84 (explaining that the county's argument on appeal was that "respondents did not perfect their appeal within the 30–day statutory period because respondents served their notice of appeal on the wrong parties"); *Curtis*, 455 N.W.2d at 86 (stating that the appealing party "filed a timely notice of appeal to the district court" and that the responding party "was served with the notice of appeal"). We therefore take this opportunity to clarify the conclusion that is implicit in *Skyline* and *Curtis:* Notice of appeal under section 394.27, subdivision 9, must be served within the 30–day statutory time frame to perfect an appeal.

Although section 394.27 is silent regarding the need for timely service of notice of appeal, it is not difficult to identify support for the conclusion that such service is a jurisdictional requirement. For example, Minnesota Rule of Civil Appellate Procedure 103.01, subd. 1, which governs civil appeals to this court and the Minnesota Supreme Court, provides: "An appeal shall be made by filing a notice of appeal with the clerk of the appellate courts and *serving the notice on the adverse party or parties within the appeal period.*" (Em-

phasis added.) Service of notice of appeal has always been necessary to invoke an appellate court's jurisdiction, whereas filing of notice of appeal is a more recent requirement. *Hansing v. McGroarty,* 433 N.W.2d 441, 442 (Minn.App.1988), *review denied* (Minn. Jan. 25, 1989); *see* Minn. R. Civ.App. P. 103.01 cmt. ("Filing the notice of appeal with the clerk of the appellate courts, in addition to service on the adverse party, is required to initiate an appeal.... Under the new rule service alone no longer initiates an appeal."). Moreover, "[i]t is axiomatic that a judgment or appealable order becomes final if a timely appeal is not taken," and "it is apparent that as to an adverse party not served with the notice of appeal, the appellate court cannot act. In other words, the judgment is final as to a party not served with the notice of appeal." *Janssen v. Best & Flanagan, LLP,* 704 N.W.2d 759, 765 (Minn. 2005).

█ In sum, in civil appeals to the appellate courts of this state, notice of appeal must be served within the prescribed appellate period, and when there is a failure of such service, the appellate court is without authority to act. *See id.* at 762, 766 (stating that because "Janssen did not serve Best & Flanagan with the notice of appeal," the "judgment became final when the period to appeal from the judgment expired without Janssen making Best &

Flanagan a party to a timely appeal"). These long-standing principles embody the fundamental requirement that a party must provide timely notice of appeal to the adverse party or parties to invoke a court's appellate jurisdiction. It is difficult to discern a reason why this fundamental requirement should not apply, by analogy, in a civil appeal to the district court under section 394.27, subdivision 9. We therefore expressly hold that to perfect an appeal under section 394.27, subdivision 9, the appealing party must serve notice of appeal on the adverse party or parties within the 30–day time period set forth in the statute and that failure to do so is an incurable jurisdictional defect.

## DECISION

Timely service of notice of appeal is necessary to perfect an appeal under Minn.Stat. § 394.27, subd. 9. Failure to provide such notice is an incurable jurisdictional defect. Because appellants did not serve notice of appeal, we affirm the district court's jurisdictional dismissal.

**Affirmed.**