**In re Application of SKYLINE MATERIALS, LTD. for Zoning Variance.**

No. A11–2030.

Supreme Court of Minnesota.

Aug. 21, 2013.

 

Jay T. Squires, Courtney R. Sebo, Ratwik, Roszak & Maloney, P.A., Minneapolis, MN, for appellant Houston County.

Gregory B. Schultz, Gregory Schultz Law Office, Caledonia, MN, for respondents Michael and Diane Fields.

Paul D. Reuvers, Susan M. Tindal, Iverson Reuvers, Bloomington, MN, for amicus curiae Association of Minnesota Counties.

## OPINION

ANDERSON, Justice.

The issue presented in this case is whether respondents properly served their notice of appeal of a variance decision by a county board of adjustment. Because we conclude that respondents' service of process pursuant to Rule 5.02 of the Minnesota Rules of Civil Procedure, rather than Rule 4.03, was ineffective to commence an action in the district court, we reverse and remand to the district court with instructions to dismiss respondents' action for lack of subject matter jurisdiction.

Respondents Michael and Diane Fields own property adjacent to property owned by Skyline Materials, Ltd. in Houston County. Skyline applied to appellant Houston County for a variance from the setback requirements of the County's zoning ordinance. The County granted the variance and sent written notice of its decision to the Fields on April 4, 2011.

Minnesota Statutes section 394.27, subdivision 9, sets forth a limited right to appeal such decisions, stating:

> All decisions by the board of adjustment in granting variances or in hearing appeals from any administrative order, requirement, decision, or determination shall be final except that any aggrieved

person or persons, or any department, board or commission of the jurisdiction or of the state shall have the right to appeal within 30 days, after receipt of notice of the decision, to the district court in the county in which the land is located on questions of law and fact. Minn.Stat. § 394.27, subd. 9 (2012). The Fields sought to exercise the statutory right of appeal. The parties agree that in order to invoke the statutory procedure, the Fields were required to serve an appeal upon the County, but the parties disagree as to the proper method for service.

Two provisions of the Minnesota Rules of Civil Procedure describe the requirements for service and are relevant here. First, Rule 4.03 governs "[s]ervice of summons within the state." Minn. R. Civ. P. 4.03. As relevant to counties, it specifies that service is to be made "by delivering a copy ... [t]o the chair of the county board or to the county auditor of a defendant county." Minn. R. Civ. P. 4.03(e)(1). Second, Rule 5.01 states that "every pleading subsequent to the original complaint ... and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar document shall be served upon each of the parties." Minn. R. Civ. P. 5.01. Rule 5.02(a) states that such "service shall be made upon the [party's] attorney unless service upon the party is ordered by the court." Minn. R. Civ. P. 5.02(a).

The Fields intended to effect service under Minn. R. Civ. P. 5.02(a). On April 7, 2011—well within the 30-day period set forth in Minn.Stat. § 394.27, subd. 9—they filed a document captioned "Appeal" with the Houston County District Court and served that document on the secretaries of the Houston County Attorney and the Houston County Zoning Office.

The County answered. Then, after the thirty-day period had run, the County moved to dismiss the appeal for insufficient service of process and lack of subject matter jurisdiction, arguing that in order to commence their appeal the Fields were required to effect service on either the county auditor or the chair of the county board pursuant to Minn. R. Civ. P. 4.03(e)(1). There is no dispute that the Fields did not serve the notice of appeal on the county auditor or the county board chair. Because the appeal was not commenced within the statutorily-prescribed period, the County argued, the court lacked jurisdiction.

The district court disagreed, concluding that Rule 5.02, rather than Rule 4.03, controlled. In so doing, the district court relied on *Curtis v. Otter Tail County Board of Adjustment,* 455 N.W.2d 86 (Minn.App.1990), which states that an appeal pursuant to Minn.Stat. § 394.27, subd. 9, does not mark the commencement of an action in district court because any action is ongoing from the proceedings before the county. *Curtis,* 455 N.W.2d at 87. The court of appeals affirmed. *In Re Skyline Materials, Ltd.,* 819 N.W.2d 183 (Minn. App.2012).

■■■ This case requires us to decide whether the district court had jurisdiction over the Fields' appeal. Because the facts are not in dispute, we review the legal issue de novo. *Leamington Co. v. Nonprofits' Ins. Ass'n,* 615 N.W.2d 349, 353 (Minn.2000); *see also Roehrdanz v. Brill,* 682 N.W.2d 626, 629 (Minn.2004) (whether service of process was effective is reviewed de novo). Our review of the construction and application of the Minnesota Rules of Civil Procedure is also de novo. *Shamrock Dev., Inc. v. Smith,* 754 N.W.2d 377, 382 (Minn.2008).

■■■ This case squarely presents the question whether the Fields properly effected service under the Minnesota Rules

of Civil Procedure.[1] The Rules set up a bifurcated system for service that contemplates different requirements for service of a summons under Rule 4.03, and for all other service under Rule 5.02. The County argues that the appeal in this case was akin to a summons and therefore the provisions of Rule 4.03(e)(1), rather than Rule 5.02(a), apply. The Fields argue that their appeal is not a summons, but rather an appeal of an ongoing proceeding, and therefore Rule 5.02 applies.

The Rules do not explicitly define a "summons." But both the Rules and our decisions support the conclusion that for purposes of service under Rule 4.03, a "summons" is simply any document that commences a civil action. Rule 3.01 emphasizes this function of a summons, stating that a "civil action is commenced against each defendant ... when the summons is served upon that defendant." Minn. R. Civ. P. 3.01. Recently we stated: "A 'summons' is '[a] writ or process *commencing the plaintiff's action* and requiring the defendant to appear and answer.'" *Eclipse Architectural Grp., Inc. v. Lam,* 814 N.W.2d 692, 697 (Minn.2012) (alteration in original) (emphasis added) (quoting *Black's Law Dictionary* 1574 (9th ed.2009)); *see also Andrusick v. City of Apple Valley,* 258 N.W.2d 766, 768 (Minn. 1977) (concluding that an appeal in an assessment proceeding initiates a civil action); *Doerr v. Warner,* 247 Minn. 98, 103, 76 N.W.2d 505, 511 (1956) ("As a general rule a civil action is commenced ... when personal service upon the defendant is ac-

tually made as prescribed by statute or rule.").

■■ Under Rule 4, the summons or other process is the document that invokes the jurisdiction of the court, compelling the defendant to appear. *Eclipse,* 814 N.W.2d at 698 ("[S]ervice of a lien statement, unlike service of process in a civil action, does not bear upon the jurisdiction of the court or a defendant's due process rights because [the recipient] need not take any action or appear in any forum."); *Tullis v. Federated Mut. Ins. Co.,* 570 N.W.2d 309, 311 (Minn.1997) (explaining that the court obtains jurisdiction over a defendant through proper service of process); *Sievert v. Selvig,* 175 Minn. 597, 598, 222 N.W. 281, 282 (1928) ("It is the general rule that a summons, regular in form and properly served, confers jurisdiction over defendant's person."). "Until served pursuant to rule 4.03, one is not made a 'party' to an action." *Ryan Contracting, Inc. v. JAG Invs., Inc.,* 634 N.W.2d 176, 186 (Minn. 2001), *overruled on other grounds by Mavco, Inc. v. Eggink,* 739 N.W.2d 148, 156–57 (Minn.2007). Service of the summons also gives the defendant formal notice of the claims against him in the action. *Patterson v. Wu Family Corp.,* 608 N.W.2d 863, 867 (Minn.2000).

■ By contrast, "Rule 5 applies only to service of documents after an action has been initiated."[2] *Kmart Corp. v. Cnty. of Clay,* 711 N.W.2d 485, 490 (Minn.2006). Accordingly, Rule 5.01 requires that cer-

---

1. The lower courts held, and the parties do not dispute, that the Rules of Civil Procedure apply to the Fields' appeal to the district court pursuant to Minn.Stat. § 394.27, subd. 9. *See* Minn. R. Civ. P. 1 (explaining the "rules govern the procedure in the district courts of the State of Minnesota in all suits of a civil nature, with the exceptions stated in Rule 81"); Minn. R. Civ. P. 81 (containing no relevant exception).

2. Rule 5.04 was amended effective July 1, 2013, to provide that any action not filed with the court within one year of commencement against any party is deemed dismissed with prejudice against all parties absent a timely stipulation to extend the filing period. This provision is not at issue in this case.

tain documents be "served upon each of the *parties.*" Minn. R. Civ. P. 5.01 (emphasis added). Likewise, Rule 5.02(a) describes the method to serve a *party* or a "*party* represented by an attorney." Minn. R. Civ. P. 5.02(a) (emphasis added). As we stated in *Ryan Contracting*, both Rule 5.01 and 5.02 "clearly govern service on one who is *already* a party," 634 N.W.2d at 187 (emphasis added), and "[u]ntil served pursuant to rule 4.03, one is not made a 'party' to an action." *Id.* at 186. Accordingly, Rule 5 is inapplicable unless and until a civil action has been commenced.

Thus to answer the question whether service must be under Rule 4.03 or Rule 5.02, we must determine whether the Fields' appeal commenced a new civil action (or would have done so, if properly served) or whether one had already been commenced. The court of appeals concluded that under its prior case law, it was obligated to treat the Fields' appeal as the continuation of an ongoing action, and therefore the proper method for service was pursuant to Rule 5. *In Re Skyline*, 819 N.W.2d at 186. We are not bound by precedents of the court of appeals, and we now conclude that the Fields' appeal commenced a new civil action, and that service under Rule 4 was therefore required.

A "civil action" under the Rules of Civil Procedure is a judicial proceeding. The rules that define a civil action govern proceedings "in the district courts of the State of Minnesota," not in a non-judicial forum. Minn. R. Civ. P. 1. Likewise, *Black's Law Dictionary* defines an "action" as a "civil or criminal *judicial proceeding,*" *Black's Law Dictionary* 32 (9th ed.2009) (emphasis added), and goes on to specify that "[a]n action has been defined to be an ordinary proceeding in a court of justice, by which one party prosecutes another party.... More accurately, it is defined to be any

*judicial* proceeding, which, if conducted to a determination, will result in a judgment or decree." *Id.* (emphasis added) (quoting 1 Morris M. Estee, *Estee's Pleadings, Practice, and Forms* § 3, at 1 (Carter P. Pomeroy ed., 3d ed. 1885)). A proceeding before a county board of adjustment is not a judicial proceeding and so is not a "civil action" within the meaning of the Rules of Civil Procedure. Because the Fields' appeal invoked, for the first time, the jurisdiction of the courts, we conclude that service of the appeal was the event that would have commenced a civil action. Accordingly, the Fields should have provided for service under Rule 4.03(e) rather than Rule 5.02(a).

In reaching the contrary conclusion, the court of appeals relied on statements in *Curtis v. Otter Tail County Board of Adjustment*, 455 N.W.2d 86 (Minn.App.1990) that suggested a civil action could be ongoing prior to service under Rule 4. *In Re Skyline*, 819 N.W.2d at 185. Like the current case, *Curtis* addressed the procedure to perfect an appeal to the district court pursuant to Minn.Stat. § 394.27, subd. 9. The court of appeals in *Curtis* framed the issue as whether the appellant was required "to commence an action by service of summons as well as filing and serving a proper notice of appeal within 30 days." 455 N.W.2d at 86–87. The court determined appellant was not so required, reasoning that Rule 3.01, which requires a summons, applies only to the commencement of a civil action, but in that case "appellant was not 'commencing' an action but was seeking review of a decision in an ongoing case." *Id.* at 87. This analysis in *Curtis* answered the wrong question. Although an individual interested in the results of a non-judicial proceeding likely has an ongoing dispute of *some* sort, for purposes of Rule 3.01 the relevant question is whether he is commencing a *specific type* of proceeding—a "civil action"—by invok-

ing the jurisdiction of the courts, rather than a non-judicial body.

Urging us to follow *Curtis*, the Fields argue that their appeal pursuant to section 394.27, subdivision 9, was the continuation of an ongoing case. Certainly the appeal was the continuation of *something*. As the court of appeals noted, when the Fields' dispute came to the district court, the County Board of Adjustment had already gathered evidence, created a record, and rendered a decision. *In Re Skyline*, 819 N.W.2d at 186. But the fact that *some* proceeding was underway, prior to the initiation of a lawsuit, does not retroactively convert that non-judicial proceeding into a "civil action" once process is served and the proceeding is brought to the district court. The Fields are unable to sensibly identify the point when their action "commenced" under the rule in *Curtis*, nor can we discern any principled method to do so.

The Fields also argue, as the court of appeals held, that Rule 4.03 governs the service of a summons, rather than the service of a notice of appeal. It is true that the document served by the Fields was captioned "Appeal," and that the statute grants a "right to appeal ... to the district court." Minn.Stat. § 394.27, subd. 9. But the label attached by the Legislature does not change our analysis. In *Andrusick v. City of Apple Valley*, we held that a similar procedure—also described as an "appeal"—in Minn.Stat. § 429.081 (1976) initiates a civil action. 258 N.W.2d 766, 768 (Minn.1977) (involving appeal from special assessment decision). The same is true of an "appeal" under Minn. Stat. § 394.27, subd. 9.[3] Accordingly, the Fields were required to effect service pursuant to Rule 4.03. They did not do so.[4]

▓ Having determined that the Fields did not properly serve the County, we conclude that the district court lacked jurisdiction to hear the Fields' appeal. Statutory provisions for service of notice must be strictly followed in order for a court to acquire jurisdiction. *Lebens v. Harbeck*, 308 Minn. 433, 434, 243 N.W.2d 128, 129 (1976); *see also Murphy Bros., Inc. v.*

---

**3.** We emphasize here that the service provisions of the Minnesota Rules of Civil Procedure apply in the absence of specific contrary directives from the Legislature, which has set out appeal procedures in a variety of circumstances. *See, e.g.*, Minn.Stat. § 197.46 (2012) (calling for service on the other party and filing with court administrator); Minn.Stat. § 429.036 (2012) (calling for service upon the clerk of defendant municipality); Minn.Stat. § 429.081 (2012) (calling for service upon mayor or clerk of defendant municipality); Minn.Stat. § 572B.05(b) (2012) (calling for service "in the manner provided by law for the service of a summons in a civil action").

**4.** The County also asserts that the Fields' attempted service on it was improper under Minn.Stat. § 373.07 (2012), which provides:

> Service of summons or other original process in actions against a county shall be made upon the chair of the board or upon the county auditor, either during a session of the board, or within ten days before the day appointed for one. The person served

shall immediately notify the county attorney of the service and give the board at its next regular meeting all the information the person has regarding the action. In actions in which the county is a party, its inhabitants, if otherwise qualified, may be jurors.

The Fields urge that we disregard the County's argument because the County raises section 373.07 for the first time in its briefing to this court, having failed to present it to the district court, to the court of appeals, or in its petition for further review. Relying on *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988), and *City of Morris v. Sax Investments, Inc.*, 749 N.W.2d 1, 14 (Minn.2008), the Fields assert that the County has waived this argument. We need not address the County's section 373.07 argument, as we have determined that the County was not properly served pursuant to Rule 4.03(e). Without deciding whether the County waived its argument with respect to section 373.07, we decline to address that argument further.

*Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). Because the Fields did not serve their appeal on the county auditor or the county board chair within the time set forth in Minn.Stat. § 394.27, subd. 9, the district court lacked jurisdiction and dismissal of the action necessarily follows. *Andrusick,* 258 N.W.2d at 766–68 (affirming dismissal for lack of subject matter jurisdiction when service of process was insufficient). We are sympathetic to the plight of the Fields, who served their appeal in good-faith reliance on the court of appeals' opinion in *Curtis.* But making an exception here, even if we were free to do so, would be incongruous with the policy to construe the rules concerning the commencement of an action to provide a "single, uniform course of procedure that applies alike to all civil actions." *Singelman v. St. Francis Med. Ctr.,* 777 N.W.2d 540, 543 (Minn.App.2010) (quoting *Leek v. Am. Express Prop. Cas.,* 591 N.W.2d 507, 509 (Minn.App.1999), *rev. denied* (Minn. July 7, 1999)).

Reversed and remanded to the district court for dismissal.

WRIGHT, J., took no part in the consideration or decision of this case.

LILLEHAUG, J., not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.