JOHNSON, Judge
Two persons applied for a variance from a township's zoning ordinance so that they could build a residence on their jointly owned property. The township approved the variance application. Neighboring property owners commenced an action in district court to obtain judicial review of the township's approval of the zoning-variance application. The neighbors timely served their summons and complaint on the township but not on the zoning-variance applicants. The township moved to dismiss the action on the ground that the applicants were necessary and indispensable but were not before the court. The district court granted the township's motion. We conclude that rule 19 of the rules of civil procedure applies and that the district court did not abuse its discretion by granting the township's motion to dismiss. Therefore, we affirm.
FACTS
Charles Bille and Carol Danielson-Bille (hereinafter the Billes) own real property *705 on North Shore Drive between the city of Duluth and the city of Two Harbors. Their property is 75 feet wide and runs approximately 175 feet from state highway 61 to the shore of Lake Superior.
In 2017, the Billes wished to build a residence on the property, which is located in the town of Duluth. The township's zoning ordinance would not allow a residence on the property because it is only 0.31 acres in size (instead of 2 acres), because it is only 75 feet wide (instead of 200 feet), and because it could not accommodate the required setbacks on all four sides. In March 2017, the Billes applied to the township's planning-and-zoning commission for a variance from the township's zoning ordinance. Three persons who jointly own property to the west of the Billes' property-John Schulz, Rebecca Norine, and Jack Nelson-opposed the Billes' application. In May 2017, the commission approved the requested variance. Schulz, Norine, and Nelson pursued an administrative appeal to the township's board of supervisors. In June 2017, the board granted the administrative appeal and denied the Billes' variance application.
In July 2017, the Billes submitted a second variance application. In August 2017, the commission approved the application. Schulz, Norine, and Nelson again appealed. In September 2017, the township board upheld the commission's decision and granted the variance.
The township's zoning ordinance provides that a person aggrieved by the board's decision on a zoning-variance application may seek judicial review in the district court "within thirty (30) days after delivery of the decision to the appellant." Twp. of Duluth, Minn., Zoning Ordinance No. 5, art. XIV, § 3(E)(4) (2015). The parties agree that the 30th day after delivery of the township board's decision was October 8, 2017, which was a Sunday. The following day, October 9, 2017, was Columbus Day, a legal holiday. The parties agree that the deadline under the ordinance for seeking judicial review was Tuesday, October 10, 2017.
The attorney representing Schulz, Norine, and Nelson prepared a summons and a complaint for the purpose of commencing a district court action for judicial review of the township board's approval of the Billes' variance application. On Monday, October 9, 2017, the attorney hand-delivered the summons and the complaint to the St. Louis County Sheriff's office for service on the township pursuant to rule 3.01(c) of the rules of civil procedure, which authorizes service of process by the sheriff, which is effective as of the date of delivery to the sheriff's office so long as the sheriff serves the named defendant within 60 days thereafter. On the next day, Tuesday, October 10, 2017, the attorney faxed a copy of the summons and the complaint to the Ramsey County Sheriff's office for service on the Billes at their permanent residence in White Bear Township pursuant to rule 3.01(c). On October 18, 2017, a Ramsey County deputy sheriff hand-delivered copies of the summons and the complaint to Charles Bille. On October 20, 2017, a St. Louis County deputy sheriff hand-delivered the summons and the complaint to the township's treasurer.
In November 2017, the Billes filed a motion in the district court to dismiss the action with respect to them on the ground that they were served on the 40th day after delivery of the township board's decision. Meanwhile, the township moved to dismiss the action with respect to the township on the ground that the summons and the complaint were delivered to the St. Louis County Sheriff's office on a legal holiday.
The district court held a hearing on the motions in the afternoon of January 24, *706 2018. Coincidentally, the supreme court had issued an opinion that morning in which it held that service of process by a deputy sheriff pursuant to rule 3.01(c) is ineffective if the summons and the complaint were faxed to the sheriff's office. Cox v. Mid-Minnesota. Mut. Ins. Co. , 909 N.W.2d 540, 546 (Minn. 2018). Accordingly, the plaintiffs in this case conceded at the afternoon hearing that, in light of Cox , the action must be dismissed with respect to the Billes, who were served with copies of the summons and the complaint that had been sent to the Ramsey County Sheriff's office by fax. The township then argued to the district court that, in light of the dismissal of the Billes, the action should be dismissed in its entirety on the ground that indispensable parties were absent. The district court asked the township and the plaintiffs to submit supplemental memoranda on that issue.
In May 2018, the district court filed an order ruling on the defendants' motions. The district court first noted that the plaintiffs had conceded that service of process on the Billes was untimely and that they should be dismissed. The district court next determined that service of process on the township was not ineffective on the ground that the summons and the complaint were delivered to the St. Louis County Sheriff's office on a legal holiday. The district court further determined that, although no statute, ordinance, or rule required the plaintiffs to join the zoning-variance applicants, such a requirement could be imposed by rule 19 of the rules of civil procedure, as in any civil action. The district court then determined that the Billes are both necessary and indispensable because the action "directly affects their interest and property" and that, if the action were successful, "the Billes' ability to continue with current construction, or any construction, [would be] severely limited." Accordingly, the district court granted the township's motion to dismiss the action. Schulz, Norine, and Nelson appeal.
ISSUE
Did the district court err by granting the township's motion to dismiss appellants' action seeking judicial review of the township's approval of an application for a zoning variance pursuant to Minnesota Statutes section 462.361, subdivision 1, on the ground that the zoning-variance applicants are necessary and indispensable but cannot be made parties?
ANALYSIS
Appellants argue that the district court erred by granting the township's motion to dismiss their action for judicial review of the township board's approval of the Billes' application for a zoning variance.
Municipalities are authorized by statute to regulate the use of land within their boundaries by adopting zoning ordinances. Minn. Stat. § 462.357, subd. 1 (2018). A township is considered a municipality for these purposes. Minn. Stat. § 462.352, subd. 2 (2018). Municipalities also are authorized to grant variances from their zoning ordinances, subject to certain statutory requirements. Minn. Stat. § 462.357, subd. 6(2) ; Krummenacher v. City of Minnetonka , 783 N.W.2d 721, 727-28 (Minn. 2010). If a municipality grants or denies a request for a zoning variance, "[a]ny person aggrieved by" such a decision "may have such ... order, reviewed by an appropriate remedy in the district court ...." Minn. Stat. § 462.361, subd. 1 (2018). As stated above, the township's zoning ordinance expressly provides for judicial review of a decision concerning a request for a zoning variance and imposes a 30-day deadline on the commencement of such an action. See Twp. of Duluth, Minn., *707 Zoning Ordinance No. 5, art. XIV, § 3(E)(4).
The statute authorizing judicial review of a municipality's decision on a zoning-variance application does not specify whether the plaintiff must name the variance applicant as a defendant and serve process on the applicant. See Minn. Stat. § 462.361, subd. 1. The township argued to the district court that the issue should be resolved by applying rule 19 of the rules of civil procedure, and the district court did so. Appellants initially argued in their appellate brief that the rules of civil procedure, including the rules governing service of process, do not apply on the ground that the district-court proceeding was not an original civil action but, rather, was merely "the continuation of an ongoing action" that began in the township. In making this argument, appellants cited this court's opinion in Curtis v. Otter Tail County Bd. of Adjustment , 455 N.W.2d 86 (Minn. App. 1990), in which we concluded that an "appeal" of a county's decision on a zoning-variance application pursuant to section 394.27, subdivision 9, was not the commencement of a new civil action but, rather, a means of "seeking review of a decision in an ongoing case." Id. at 87. Our Curtis opinion, however, was effectively overruled by the supreme court in In re Skyline Materials, Ltd. , 835 N.W.2d 472 (Minn. 2013), which held that, regardless of the label used in the statute, a judicial proceeding in the district court under section 394.27, subdivision 9, to review a county's decision on a zoning-variance application is a civil action for which the person seeking review is "required to effect service pursuant to Rule 4.03." Id. at 477 (citing Andrusick v. City of Apple Valley , 258 N.W.2d 766, 768 (Minn. 1977) ). The township's responsive brief appropriately cited Skyline Materials in response to appellants' citation of Curtis . At oral argument, appellants' counsel conceded that Skyline Materials governs and that they were required to commence their action in the district court pursuant to the rules of civil procedure.
Accordingly, the only issue in this appeal is whether the district court erred in its application of rule 19, which provides, in relevant part:
19.01. Persons to be Joined if Feasible
A person who is subject to service of process shall be joined as a party in the action if (a) in the person's absence complete relief cannot be accorded among those already parties, or (b) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (1) as a practical matter impair or impede the person's ability to protect that interest or (2) leave any one already a party subject to a substantial risk or incurring double, multiple, or otherwise inconsistent obligations by reason of the person's claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.
19.02. Determination by Court Whenever Joinder Not Feasible
If a person as described in Rule 19.01 cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include:
(a) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;
*708 (b) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;
(c) whether a judgment rendered in the person's absence will be adequate; and
(d) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
Minn. R. Civ. P. 19.01, 19.02.
A motion to dismiss an action on the ground that an indispensable person is absent requires a two-step analysis. First, the moving party must show that the absent person is necessary according to the criteria in rule 19.01. Rilley v. MoneyMutual, LLC , 863 N.W.2d 789, 796 (Minn. App. 2015), aff'd, 884 N.W.2d 321 (Minn. 2016). Second, the moving party must show that the absent person is indispensable according to the criteria in rule 19.02. Id. This court applies an abuse-of-discretion standard of review to a district court's ruling on a motion to dismiss pursuant to rule 19.02. Id. ; Hoyt Properties, Inc. v. Production Resource Group, L.L.C. , 716 N.W.2d 366, 377 (Minn. App. 2006), aff'd, 736 N.W.2d 313 (Minn. 2007).
The district court in this case applied rule 19 by reasoning as follows:
It is clear the Billes are necessary and indispensable parties to this action. The challenged variance is in regards to their property. The grant of the variance was to and benefited them. A determination of the validity of the variance directly affects their interest and property. If the variance is deemed valid, the Billes can continue with the construction on their property. If the variance is deemed invalid and overturned, the Billes' ability to continue with current construction, or any construction, is severely limited. Any relief granted in this matter cannot be crafted that would not prejudice the Billes' rights and interest in their property. In good conscience and equity, this matter cannot proceed without the Billes. Since the Billes are a necessary party, and the Court cannot grant declaratory relief that would not directly affect the Billes' interest, the action cannot go forward ....
Appellants contend that the district court erred on the grounds that their action seeks review only of the township's zoning-variance decision and that the Billes "do not need to be involved in order for the district court to analyze and rule on that issue." But the Billes obviously have an interest in the township's zoning-variance decision. The record reveals that the Billes incurred more than $75,000 in construction expenses before they were served with the summons and the complaint in October 2017, and the record further reveals that they incurred an additional $75,000 in construction expenses before the hearing on their motion to dismiss. At oral argument in this court, appellants' counsel stated that construction had progressed further since district court proceedings. Given the Billes' significant financial investment in real property that they wish to use as a residence, they clearly "claim[ ] an interest relating to the subject of the action and [are] so situated that the disposition of the action in [their] absence may ... as a practical matter impair or impede [their] ability to protect that interest." See Minn. R. Civ. P. 19.01(b)(1). Thus, the district court did not abuse its discretion by determining that the Billes' presence is necessary.
Appellants do not challenge the district court's reasoning at the second step of the analysis, except to assert generally that the district court erred by concluding that the Billes are indispensable. Appellants' counsel did not deny at oral argument that the ultimate goal of appellants' judicial *709 proceeding is the demolition of the residence on the Billes' property. Such a result surely would be a severe consequence for a non-party to a judicial proceeding after the non-party had sought and obtained a zoning variance from a municipality and incurred considerable expense in reliance on the variance. It is no surprise that appellate courts in at least four other states have concluded in similar circumstances that a property owner who obtained a zoning variance is both necessary and indispensable in a judicial proceeding to challenge the grant of the variance. See Minton v. State ex rel. Cohen , 169 Ind.App. 584, 349 N.E.2d 741, 743-44 (1976) ; Lanaux v. City of New Orleans, Bd. of Zoning Adjustments , 489 So.2d 329, 331 (La. Ct. App. 1986) ; Sturmer v. Readington Twp., Hunterdon Cnty. , 90 N.J.Super. 341, 217 A.2d 622, 622-23 (1966) ; Feder v. Town of Islip Zoning Bd. of Appeals , 114 A.D.3d 782, 980 N.Y.S.2d 537, 539-40 (2014). Accordingly, the district court in this case did not abuse its discretion by determining that the Billes are indispensable and that, "in equity and good conscience," the action should not proceed in their absence and, thus, should be dismissed. See Minn. R. Civ. P. 19.02.
DECISION
The district court did not err by granting the township's motion to dismiss appellants' action for judicial review of the township's approval of the Billes' application for a zoning variance.
Affirmed.